```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


     STANDARD IRON WORKS, on behalf )
     of itself and all others       )
     similarly situated,            )
                                    )
                    Plaintiffs,     )  No. 08 C 5214
                                    )
        -vs-                        )  Chicago, Illinois
                                    )  October 30, 2008
     ARCELORMITTAL, et al.,         )  11:50 a.m.
                                    )
                    Defendants.     )


                         TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE JAMES B. ZAGEL

     APPEARANCES:


       For the Plaintiffs:          FINE, KAPLAN & BLACK
                                    BY:  MR. ALLEN D. BLACK
                                         MR.MATTHEW DUNCAN
                                    1835 Market St., 28th Floor
                                    Philadelphia, Pennsylvania 19103
                                    215-567-6565

                                    KELLOGG, HUBER, HANSEN, TODD, EVANS
                                    & FIGEL
                                    BY:  MR. MARK C. HANSEN
                                    1615 M. Street, N.W.,
                                    Sumner Square, Suite 400
                                    Washington, D.C. 20036-3209
                                    202-326-7904

       Court Reporter:
                                    MARY C. KELLY, CSR
                                    Contract Court Reporter
                                    United States District Court
                            219 South Dearborn Street, Suite 2144-A
                                    Chicago, Illinois  60604
                                         (708) 769-0950
```

```
 1   APPEARANCES CONTINUED:
 2
                                  FREED, KANNER, LONDON & MILEN
 3                                BY:  MR. STEVEN A. KANNER
                                  2201 Waukegan Road, Suite 130
 4                                Bannockburn, Illinois 60015
                                  224-632-4500
 5
     For Defendant                MAYER BROWN
 6   Arcelormittal USA:           BY:  MR. ANDREW S. MAROVITZ
                                  71 S. Wacker Drive
 7                                Chicago, Illinois 60606
                                  312-782-0600
 8
     For Defendant                REED SMITH
 9   United States Steel:         BY:  MR. JONATHAN S. QUINN
                                  10 S. Wacker, 40th Floor
10                                Chicago, Illinois 60606
                                  312-207-6443
11
     For Defendant                WINSTON & STRAWN
12   Nucor Corp:                  BY:  MR. TODD J. EHLMAN
                                  35 W. Wacker Drive
13                                Chicago, Illinois 60601-9703
                                  312-558-5600
14
     For Defendant                EIMER, STAHL, KLEVORN & SOLBERG
15   Gerdau Ameristeel Corp.:     BY:  MR. ANDREW G. KLEVORN
                                  224 S. Michigan, Suite 1100
16                                Chicago, Illinois 60604
                                  312-660-7600
17
     For Defendant                McDERMOTT, WILL & EMERY
18   Steel Dynamics:              BY:  MS. AMANDA JO METTS
                                  227 W. Monroe, Suite 4400
19                                Chicago, Illinois 60606
                                  312-984-7748
20
     For Defendant                FIGLIULO & SILVERMAN
21   AK Steel Holding:            BY:  MR. GREGORY L. STELZER
                                  10 S. LaSalle, Suite 3600
22                                Chicago, Illinois 60603
                                  312-251-4600
23
24
25
```

1        (Proceedings heard in open court.)
2        THE CLERK:  2008 C 5214, Standard Iron Works versus
3   Arcelormittal, et al.
4        MR. KANNER:  Good morning, your Honor.
5        THE COURT:  I start from that end.  You might not
6   have known that.  Okay.
7        MR. STELZER:  Gregory Stelzer, your Honor, local
8   counsel for Defendant AK Steel Holding Company.
9        MR. KLEVORN:  Andrew Klevorn on behalf of Gerdau
10  Ameristeel.
11       MS. METTS:  Amanda Metts for Steel Dynamics.
12       MR. QUINN:  Jonathan Quinn for defendant United
13  States Steel Corporation.
14       MR. MAROVITZ:  Andy Marovitz for defendant
15  Areclormittal USA.
16       MR. KANNER:  Good morning, your Honor.  Steve
17  Kanner on behalf of Standard Iron Works and other plaintiffs.
18       MR. BLACK:  Allen Black, Fine, Kaplan & Black in
19  Philadelphia, on behalf of Standard Iron Works and the
20  plaintiffs.
21       MR. DUNCAN:  Good morning, your Honor.  Matthew
22  Duncan, Fine, Kaplan & Black, for the plaintiffs.
23       MR. HANSEN:  Mark Hansen, Kellogg Huber, for the
24  plaintiffs, your Honor.  Good morning.
25       MR. EHLMAN:  And Todd Ehlman for defendant Nucor

1  Corporation.

2  THE COURT: Okay.

3  MR. KANNER: Good morning, your Honor. Steve
4  Kanner, Freed, Kanner, London & Millen. We're here on behalf
5  of plaintiffs with two motions this morning. The first is
6  for a case management order. The other is for the motion to
7  appoint interim class counsel and liaison counsel.

8  To address those matters, your Honor, I'd like to
9  present the two prospective appointees as interim class
10 counsel. And to my left is Allen Black of Fine, Kaplan &
11 Black in Philadelphia. I'm quite proud to introduce him.
12 He's a personal friend and an exceptional lawyer. And to his
13 level is Mark Hansen from Kellogg, Huber, Hansen, Todd, Evans
14 & Figel of Washington, D.C., also an exceptional anti-trust
15 lawyer.

16 And with that, your Honor, if you'd care to hear
17 argument on the motion for appointment of class counsel,
18 which has been briefed, we're happy to do that.

19 THE COURT: A few sentences are fine.

20 MR. BLACK: I'll make it less than a few sentences,
21 your Honor. I believe you know Mr. Hansen from the --

22 THE COURT: From a very long case.

23 MR. BLACK: I hope you have happy memories of that.
24 And I have not had the honor of appearing before you.

25 Both motions are uncontested, your Honor, and

1  rather than argue or take up your time, I would just like to
2  offer, on behalf of all of us, to answer any questions you
3  might have.
4           THE COURT:  Anyone from the other side wants to
5  address this?
6           MR. MAROVITZ:  Your Honor, just so the record is
7  clear, Andy Marovitz for Arcelormittal USA.  We have no
8  position whatsoever on the motion for appointment of interim
9  class counsel.  We will at the appropriate time address any
10 motion for class certification that arises.
11          THE COURT:  Yes.  In my reading of these papers, I
12 understand that we are doing what we used to call lead
13 counsel, and now, to avoid insulting other lawyers, liaison
14 counsel, and we're doing this before a class has been
15 certified, and, basically, I'm being told it's probably a
16 good idea to do in this case because I have no competitors
17 out there for the title of liaison counsel.
18          I took a look at this, and it's fine with me.  So I
19 will make the appointment of interim liaison counsel bearing
20 in mind that you do run the risk that some unquestionably
21 brilliant competitor will come forward and seek to replace
22 you, but you don't look too worried about that.
23          MR. BLACK:  We're not too worried.
24          THE COURT:  Okay.
25          MR. BLACK:  We'll be less worried after you sign

1  the order.
2        THE COURT:  Right.
3        Anything else we have to deal with?
4        Somebody going to actually tell me a little about
5  the case?  It's always helpful, I think.
6        MR. BLACK:  Sure.  The complaint alleges a
7  conspiracy to restrict production in the steel industry in
8  the period from -- starting in 2005 until now as far as we
9  know with the concomitant natural result of driving prices up
10 and having been done for that purpose.
11       If you look at the complaint, it really lays out
12 the factual basis for those allegations in great detail, and
13 that's really the essence of the case.  It's, we think,
14 somewhat similar to the Linerboard case that was in the Third
15 Circuit a while ago, and that's the kernel of it.
16       THE COURT:  Right.  Do you have some kind of
17 estimate as to what kind of effort it's going to take to do
18 the discovery in this case?
19       MR. BLACK:  Quite substantial, I think.
20       THE COURT:  Has anybody thought about a possible
21 timeline for this case?
22       MR. BLACK:  I think we've begun to think about
23 that, but, you know, we're talking, I'm sure, something like
24 18 months or a couple years probably.  We haven't really
25 talked about it.  Does that seem like something that makes

1     sense, Andy?
2          MR. MAROVITZ: Your Honor, I think that may be
3     slightly premature.
4          We spent a good deal of time over the past weeks
5     discussing organization of the cases, so there are several
6     cases in front of you. Right now, there are at least four
7     that have been affirmatively reassigned. There is one
8     indirect case that was part of your original order that, for
9     some reason, has not been reassigned to the Court. That is
10    Supreme Auto Transport, and the executive -- the case number
11    is 08 C 5468. It's before Judge Castillo. And it was part
12    of the original joint motion, but it just hasn't landed here
13    yet. My suspicion is it's simply an oversight by the clerk,
14    but I wanted to point that out for the Court.
15         There also are a couple other more recent cases
16    that have been filed that will land here. So we've spent
17    some time organizing those.
18         Part of the case management order, number one, that
19    we presented the Court for purposes of bringing all the cases
20    together provides a time until February 6th for the
21    defendants to answer, move or otherwise respond. That was a
22    negotiated timeline that includes the -- if the Court enters
23    it, the waiver of service of summons on some defendants -- on
24    all defendants, including some that are overseas.
25         So we intend to spend over the next several weeks

1  negotiating things like preservation order that's already --
2  discussions have already begun on that, protective order, et
3  cetera, to get everything lined up because I think it's
4  premature at this point early in the case to figure out
5  exactly what discovery will be necessary.
6          It's our view, of course, that we may likely be
7  moving to dismiss, in which case our position will be no
8  discovery is necessary unless part of the motion is denied.
9          MR. HANSEN: Your Honor, if I might, I think it's
10 an excellent question as to the timeline. If your Honor were
11 inclined to sign the order we've presented and allow us to
12 take the position we believe we should take, we think we
13 could negotiate with Mr. Marovitz and his colleagues and come
14 back to your Honor in two weeks, three weeks with a better
15 idea of the next steps going forward.
16         We've negotiated with them and agreed upon a
17 response date as Mr. Marovitz correctly states, and you'd
18 have to be blind not to see that they're all going to try to
19 consider motions to dismiss. That said, we expect to make
20 progress in the case, and we expect to move the case forward
21 expeditiously.
22         So it might be helpful if the Court were to set
23 another conference now with the direction to all counsel to
24 come back and have a better plan as to what's going to happen
25 going forward.

1    THE COURT: My inclination is to do that, and my
2    inclination is -- and, basically, you seem to have asked for
3    this, and that is to deal with this with respect to the
4    master docket in roughly the same way we deal with MDL cases,
5    and for better or for worse, I have a lot of familiarity with
6    MDL cases. So we can do that.
7         I thought the stuff that was proposed to me was
8    fine, so I'm thinking the 21st of November. I'm in
9    Washington the 18th, 19th and 20th of that week, but I'll be
10   back here on the 21st, and we can talk then.
11        In the interim, you can act as though I have
12   actually affixed my signature to the case management order
13   and to the appointment of interim counsel -- interim liaison
14   counsel.
15        Anything else?
16        MR. MAROVITZ: What time on the 21st would you like
17   us?
18        THE COURT: The noon hour, so if we have to take
19   some time, we'll be able to do it.
20        MR. KANNER: Your Honor, as a minor housekeeping
21   matter, while I believe Mr. Hansen is a member of this
22   District Court and authorized to practice before it, the
23   Fine, Kaplan firm has filed their pro hac motions, but there
24   has been no rulings thus far.
25        THE COURT: Leave is granted.

1    MR. KANNER:  Thank you.

2    MR. MAROVITZ:  Judge, one quick question.  Would you like for defense counsel to appear in each separate case that's being consolidated in the master case or if we simply appear in the main consolidated case, would that be sufficient?

7    THE COURT:  Appearance in the main consolidated case will be sufficient.  If it turns out that I'm wrong about this, it's not a particularly difficult problem to repair.

11    Thanks, counsel.

12    MR. MAROVITZ:  Thank you very much.

13    MR. HANSEN:  Thanks, your Honor.

14    (Which were all the proceedings heard.)

## CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/Mary C. Kelly*                    November 12, 2008

_____        _____
Mary C. Kelly                          Date
Contract Court Reporter