# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: STEEL ANTITRUST LITIGATION** | Case No. 08-cv-5214 |
| **THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS:** | Honorable James B. Zagel |
| *Standard Iron Works v. ArcelorMittal, et al.*, **Case No. 08-cv-5214** | |
| *Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.*, **Case No. 08-cv-5371** | |
| *Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.*, **Case No. 08-cv-5633** | |
| *MPM Display, Inc. v. ArcelorMittal, et al.*, **Case No. 08-cv-5700** | |
| *REM Systems, Inc. v. ArcelorMittal, et al.*, **Case No. 08-cv-5942** | |
| *Alco Industries, Inc. v. ArcelorMittal, et al.*, **Case No. 08-cv-6197** | |

## PLAINTIFFS' MOTION TO INITIATE THIRD-PARTY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d)(1), plaintiffs respectfully request that the Court permit plaintiffs to initiate forthwith third-party discovery under Fed. R. Civ. P. 34(c) and 45. The Court currently has under consideration the parties' competing phased discovery proposals, which deal primarily with discovery between the parties. Because the likelihood of evidence spoliation with respect to documents possessed by non-parties increases each day, it is important that third-party discovery begin at the earliest date possible.

**STATEMENT OF FACTS**

On September 12, 2008, plaintiff Standard Iron Works, a direct purchaser of steel, filed suit on behalf of itself and all others who purchased steel products directly from defendant domestic steel producers between January 1, 2005, and the present. Dkt No. 1. Five other purchasers filed direct purchaser actions, and the Court consolidated these actions. Dkt No. 58. Plaintiffs collectively allege that during the class period – 2005 to the present – defendants engaged in an antitrust conspiracy to reduce the production of steel products in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. In particular, defendants implemented coordinated production cuts for the express purpose of raising the price of steel products where, absent a collusive agreement, these production cuts would have been against the individual competitive interests of each participating defendant. *See* Dkt No. 170, at 1-2.

On January 2, 2009, defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt No.110. In a careful and detailed opinion, the Court denied defendants' motion to dismiss, finding that plaintiffs had pled sufficient facts to support a plausible inference of conspiracy. Dkt No. 170, at 42-43. The Court also indicated its "inclin[ation] to proceed with discovery in phases and, as is [its] custom in many other cases, invite[d] the litigants to make a proposal (or two) in that regard." *Id.* at 43-44.

On July 23, 2009, the parties filed a joint motion regarding phased discovery. Dkt No. 177. The parties informed the Court that they were not able to agree on a specific discovery framework, asked permission to file briefs outlining their views, and requested a hearing set for August 13, 2009. *Id.* at 1-2. The Court granted the parties' request for briefing and indicated that a "hearing date, if any, [would] be determined by the Court." Dkt No. 180.

On July 30, 2009, the parties submitted their competing case management proposals. Plaintiffs proposed that the first phase be "targeted initial discovery limited to core issues and individuals, aimed not at trolling broadly through defendants' corporate records but instead building a proper record for class certification and advancing the case on the merits in a reasonable way." Dkt No. 181, at 3. Defendants, by contrast, proposed that the first phase be limited to the "data-driven" issues of class certification – "whether antitrust impact and amount of damages are susceptible to common proof such that common issues predominate, Fed. R. Civ. P. 23(b)(3); whether the claims of the named plaintiffs are typical of those of the class, Fed. R. Civ. P. 23(a)(3); and whether the named plaintiffs will fairly and adequately protect the interests of the class, Fed. R. Civ. P. 23(a)(4)." Dkt No. 182, at 2.

Moreover, the parties disagreed on the scope of third-party discovery during the first phase. Defendants agreed that some third-party discovery should take place but that it should be limited "to the extent it relates to the above topics" of class certification. Dkt No. 182-2, at 3. Plaintiffs responded:

> [P]rompt commencement of [third-party] discovery – particularly with respect to trade associations and other trade meetings discussed in the complaint – is essential to (a) preserve important evidence and (b) develop an adequate class certification record on the nature and scope of industry production cuts and their impact on the market. *See, e.g.*, Compl. ¶¶ 125-26, 170. It makes little sense, moreover, to seek third party discovery twice – first on "class" requests and later on "conspiracy" requests. It is more efficient and less burdensome to non-parties simply to serve and obtain third party discovery once. In any event, it is for the third parties themselves, not defendants, to object to the scope of any nonparty discovery.

Dkt No. 181, at 24. The parties' competing case management proposals are presently pending before this Court.[1]

---

[1] On January 14, 2010, Michael Guzman for plaintiffs met and conferred pursuant to Local Rule 12(k) with Jonathan Lewis of Mayer Brown for the defendants by telephone (footnote continued)

3

**ARGUMENT**

The parties' competing proposals regarding phased discovery have been pending before the Court since July 30, 2009. While plaintiffs would prefer that the Court rule on the entirety of these proposals at its earliest convenience, plaintiffs are concerned about third-party discovery pursuant to Fed. R. Civ. P. 34(c) and 45 – predominantly with respect to witnesses who attended trade meetings discussed in the complaint that took place between 2005 and 2007.[2]

Defendants have a duty to preserve and maintain documents and files relevant to the case. *See, e.g.*, *Kronisch v. United States*, 150 F.3d 112, 126-27 (2d Cir. 1998) ("This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation – most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation."); *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-07 (7th Cir. 1995) (holding that under Illinois law a party has a duty to preserve evidence that it knew or should have known would deprive another party of the ability to establish its case). Third parties, however, have less rigorous preservation obligations, especially when they have no notice of the relevance of the evidence to litigation.

---

regarding plaintiffs' proposed motion. After discussing the proposed motion at some length as well as possible compromises, Michael Guzman sent Mr. Lewis and Mr. Marovitz an email summarizing plaintiffs' position so that it could be circulated to the entire group of defendants for their views. Defendants responded promptly that they opposed the motion and preferred to wait on this issue until the Court resolved the parties' previous competing motions regarding phased discovery.

[2] For example, the Court cited in its Opinion and Order denying defendants' motion to dismiss a statement by steel industry analyst Michelle Applebaum that "the industry in effect acted in concert to cut output and stiffen prices" – a statement that followed Ms. Applebaum's one-on-one meetings with various defendant executives during trade meetings. Dkt. No. 170, at 16. Ms. Applebaum is precisely the type of third-party witness on whom plaintiffs seek to serve discovery promptly.

*See, e.g.*, *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004) (recognizing an independent negligence cause of action for spoliation of evidence under state law in limited circumstances where the individual has assumed a duty to preserve the evidence by agreement, affirmative conduct, or other special circumstances).

Without initiation of third-party discovery under the procedures set forth in Rule 45, non-parties may lack notice that they should be preserving relevant evidence. The risk of evidence spoliation with respect to non-parties is thus very real, and each day that passes without the initiation of third-party discovery risks material harm to plaintiffs' case. Plaintiffs request that the Court permit them to initiate third-party discovery and issue subpoenas under Rule 45 to third parties now, even though the parties have not agreed on a discovery plan under Rule 26(f) and the Court has yet to rule on the parties' competing phased discovery proposals which deal primarily with discovery between the parties (and not non-parties). *See* Fed. R. Civ. P. 26(d)(1) (stating that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order").

**CONCLUSION**

For the foregoing reasons the Court should grant plaintiffs' motion to initiate forthwith third-party discovery.

January 19, 2010                    Respectfully submitted,

                                    By: /s/ Michael J. Guzman

Allen D. Black                      Michael K. Kellogg
Roberta D. Liebenberg               Mark C. Hansen
Donald L. Perelman                  Steve F. Benz
Jeffrey S. Istvan                   Aaron M. Panner
Matthew Duncan                      Michael J. Guzman
Adam J. Pessin                      **Kellogg, Huber, Hansen, Todd, Evans &**
**Fine Kaplan and Black, R.P.C.**   **Figel, P.L.L.C.**
1835 Market Street, 28th Floor      Sumner Square
Philadelphia, PA 19103              1614 M Street, NW, Suite 400
215.567.6565-Telephone              Washington, DC 20036
215.568.5872-Facsimile              202.326.7900-Telephone
                                    202.326.7999- Facsimile

Micahel J. Freed
Steven A. Kanner
William H. London
Douglas A. Millen
**Freed Kanner London & Millen LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
224.632.4500-Telephone
224.632.4521- Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January, 2010, I caused a true and correct copy of the foregoing **Plaintiffs' Motion to Initiate Third Party Discovery** to be filed and served electronically via the Court's CM/ECF system upon all registered users. A true and correct copy is also being served via first-class mail, postage prepaid, upon the following who are not registered ECF users:

| | |
|---|---|
| David I. Gelfand, Esq.<br>Mark Leddy, Esq.<br>Cleary, Gottlieb, Steen & Hamilton<br>2000 Pennsylvania Avenue, N.W.<br>Washington, DC 20006 | Dianne M. Nast, Esq.<br>Roda & Nast, PC<br>801 Estelle Drive<br>Lancaster, PA 17601 |
| Joseph A. Tate, Esq.<br>Stephen D. Brown, Esq.<br>Dechert LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 | Joseph R. Saveri, Esq.<br>Lieff Cabraser Heimann & Bernstein<br>275 Battery Street, 30th Floor<br>Embarcedero Center West<br>San Francisco, CA 94111 |
| Howard J. Sedran<br>Levin, Fishbein, Sedran & Berman<br>510 Walnut Street, 5th Floor<br>Philadelphia, PA 19106 | Marc H. Edelson, Esq.<br>Hoffman & Edelson<br>45 West Court Street<br>Doylestown, PA 18901 |
| | Anthony J. Bolognese<br>Joshua H. Grabar<br>Bolognese & Associates<br>One Penn Center<br>1617 JFK Boulevard #650<br>Philadelphia PA 19103 |

By: /s/ Michael J. Guzman