IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| STANDARD IRON WORKS, on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | Case No. 08-cv-5214 |
| ) v. ) ) | Hon. James B. Zagel |
| ARCELORMITTAL; ARCELOR MITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL CORPORATION; STEEL DYNAMICS, INC.; AK STEEL HOLDING CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS, INC., ) ) ) ) ) ) ) ) ) | Hon. Jeffrey Cole |
| Defendants. ) ) | |

**DEFENDANTS' STATUS REPORT FOR THE MARCH 22, 2010 STATUS HEARING**

Defendants respectfully submit this report to advise the Court in advance of the scheduled March 22, 2010 status hearing regarding the progress of discovery since the January 28, 2010 hearing.

**A.     The January 28, 2010 Hearing**

The Court held a hearing on January 28, 2010 to discuss the parties' competing proposals for Phase One discovery. The January 28 hearing was born of this Court's "intention to proceed with phases of discovery" to "avoid the potential for staggering discovery costs." Memorandum Opinion and Order dated June 12, 2009, at 43-44 (dkt. 170).

At the January 28 hearing, the Court instructed the parties to select randomly two of the largest four defendants, which would be subject to limited but accelerated custodian-specific

discovery (e.g., emails and depositions). See Tr. (1/28/10) at 23-24 (attached as Ex. A). The Court directed the two randomly chosen defendants to provide plaintiffs with organizational charts, to confer with plaintiffs about the number of custodians and deponents, and, together with the plaintiffs, to report back to the Court. See id. at 26, 27-29, 29-30.

Meanwhile, on a separate track, discovery of transactional data and other "categories of discovery that the parties were in agreement on" (plaintiffs' counsel's words) was to proceed "in the normal course" against all eight defendants. Id. at 27-28, 32-33. The "categories of discovery that the parties were in agreement on" were the eleven categories set forth in Defendants' proposed Case Management Order No. 2, filed July 30, 2009 (dkt. no. 182, Ex. A).[1]

At the January 28 hearing, the Court indicated that the results of the accelerated custodian-specific document and deposition discovery against the randomly chosen two defendants would be used to define and shape the appropriate scope of any further discovery necessary for Phase One. See Tr. (1/28/10) at 24, 28-29 (stating "there are things for purposes of class [certification] which are out of bounds here and which I am willing to protect, if feasible, in the event that the class is not certified"). In other words, it would determine whether "the [class certification] argument is going to revolve around the transactional data and economists'

---

[1] These categories were: (i) data and documents sufficient to show defendants' volume of production of steel products; (ii) data and documents sufficient to show defendants' inventory levels, order entry or backlog of steel products; (iii) transactional data and documents sufficient to show defendants' sales of steel products; (iv) documents, such as contracts, sufficient to show the arrangements through which customers purchase steel products; (v) plaintiffs' and class members' data, documents, and information relating to purchases and uses of steel products, types of steel products purchased, and involvement in this litigation; (vi) documents sufficient to show the relevant production information and uses and markets for "raw steel"; (vii) business planning documents, market reports, analyses or presentations created by or for senior executives relevant to whether the impact of the alleged conspiracy on class members, if any, is susceptible to common proof; (viii) third-party discovery to the extent it relates to the above topics; (ix) the parties' organizational charts; (x) the parties' corporate document retention policies and corporate antitrust compliance policies; and (xi) a list of ITC or Department of Commerce proceedings in which each defendant was a party during the last 5 years.

opinions anyway" and thus not require further Phase One discovery from the remaining six defendants. Id. at 24.

B.  **Progress Since the January 28 Hearing**

On February 3, the parties met and U.S. Steel and Gerdau were randomly selected as the two defendants subject to the additional discovery referenced above. U.S. Steel and Gerdau produced relevant organizational charts beginning on February 10 and, in response to plaintiffs' request for more details, completed supplementation of those charts on March 10. On March 9, plaintiffs identified proposed Phase One custodians from U.S. Steel and Gerdau. U.S. Steel, Gerdau, and plaintiffs agreed that U.S. Steel and Gerdau would produce documents maintained by ten specified custodians for each company. Plaintiffs have reserved the right to request a small number of additional custodians.

U.S. Steel and Gerdau also met with plaintiffs' counsel on March 15 for an in-depth discussion of document discovery against the two companies. General agreement was reached regarding the process for the search and production of documents, though some issues remain to be resolved about the nature of the documents to be produced by U.S. Steel and Gerdau. U.S. Steel, Gerdau and plaintiffs agreed to defer the selection of deponents until plaintiffs' counsel have had a chance to review the documents being produced.

On February 16, plaintiffs served 52 document requests and 14 interrogatories on all defendants, not just U.S. Steel and Gerdau. Many of the February 16 discovery requests seek searches of individual custodian files and otherwise go beyond the categories of discovery previously agreed upon. (Plaintiffs later clarified that the defendants other than U.S. Steel and Gerdau need only answer 39 of the 52 document requests at this time, though they indicated they may ask the Court to order all defendants to respond to the remaining 14.)

3

All defendants have been working diligently to gather documents and data consistent with the "categories of discovery that the parties were in agreement on" and produce it to plaintiffs forthwith. Several defendants have a substantial volume of materials ready to produce immediately upon entry of a suitable protective order to guard the confidentiality of competitively sensitive business information.

Defendants provided plaintiffs with a draft protective order on March 5. Plaintiffs responded with proposed revisions on March 19, to which defendants will respond promptly. In the meantime, several defendants offered to enter into an interim outside-counsel's-eyes-only stipulation to facilitate the immediate production of documents while the permanent order is being negotiated. Plaintiffs have not accepted that offer. Once the protective order is resolved, defendants anticipate being able to produce significant volumes of material to plaintiffs, starting immediately and continuing on a rolling basis.

Also, defendants are serving written responses and objections to plaintiffs' document requests and interrogatories as provided by the Federal Rules of Civil Procedure. As noted, defendants anticipate producing many documents pursuant to the Court's direction on January 28 to provide the agreed-upon categories of discovery, and these documents will be responsive to a number of plaintiffs' document requests. Defendants anticipate objecting to other requests on various grounds, including that they seek individual custodian searches and documents that go beyond the Court's January 28 instructions. After making their responses and objections, defendants anticipate that they will meet and confer with plaintiffs and any differences the parties are unable to resolve will come before the Court in the normal course.

Respectfully submitted,

Dated: March 19, 2010  By:  \_\_/s/Todd Ehlman_____

Counsel for Nucor Corporation and, for purposes of this memorandum only, on behalf of Defendants

| | |
|---|---|
| Donna E. Patterson<br>David P. Gersch<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004<br>202.942.5000 – Telephone<br>202.942.5999 – Facsimile<br>donna.patterson@aporter.com<br>david.gersch@aporter.com | Dan K. Webb<br>Thomas J. Frederick<br>Todd J. Ehlman<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601-9703<br>312.558.5600 – Telephone<br>312.558.5700 – Facsimile<br>dwebb@winston.com<br>tfrederi@winston.com<br>tehlman@winston.com |
| John B. Wyss<br>WILEY REIN LLP<br>1776 K Street, N.W.<br>Washington, DC 20006<br>202.719.7000 – Telephone<br>202.719.7049 – Facsimile<br>jwyss@wileyrein.com | Douglas R. Gunson<br>NUCOR CORPORATION<br>1915 Rexford Road<br>Charlotte, NC 28211<br>704.366.7000 – Telephone<br>704.972.1836 – Facsimile<br>doug.gunson@nucor.com |

*Attorneys for Nucor Corporation*

| | |
|---|---|
| Mark Leddy<br>David I. Gelfand<br>Patricia M. McDermott<br>Heather Johnson<br>CLEARY GOTTLIEB STEEN<br>  & HAMILTON LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>202.974.1500 – Telephone<br>202.974.1999 – Facsimile<br>mleddy@cgsh.com<br>dgelfand@cgsh.com | Andrew S. Marovitz<br>Jonathan L. Lewis<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>312.782.0600 – Telephone<br>312.701.7711 – Facsimile<br>amarovitz@mayerbrown.com<br>jlewis@mayerbrown.com |

*Attorneys for ArcelorMittal S.A. and ArcelorMittal USA, Inc.*

Jonathan S. Quinn
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
312.207.1000 – Telephone
312.207.6400 – Facsimile
jquinn@reedsmith.com

Alexander Y. Thomas
REED SMITH LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005-3317
202.414.9200 – Telephone
202.414.9299 – Facsimile
athomas@reedsmith.com

Daniel I. Booker
Debra H. Dermody
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
412.288.3131 – Telephone
412.288.3063 – Facsimile
dbooker@reedsmith.com
ddermody@reedsmith.com

J. Michael Jarboe
THE LAW DEPARTMENT OF
UNITED STATES STEEL CORPORATION
600 Grant Street, Suite 1500
Pittsburgh, PA 15219-2880
412.433.2880 – Telephone
412.433.2811 – Facsimile
jmjarboe@uss.com

*Attorneys for United States Steel Corporation*

Nathan P. Eimer
Andrew G. Klevorn
EIMER STAHL KLEVORN & SOLBERG
224 S. Michigan Avenue, Suite 1100
Chicago, IL  60604
312.660.7600 – Telephone
312.692.1718 – Facsimile
neimer@eimerstahl.com
aklevorn@eimerstahl.com

*Attorneys for Gerdau Ameristeel Corporation*

| | |
|---|---|
| Joel G. Chefitz<br>Amanda J. Metts<br>MCDERMOTT WILL & EMERY LLP<br>227 West Monroe Street, Suite 4400<br>Chicago, IL 60606<br>312.372.2000 – Telephone<br>312.984.7700 – Facsimile<br>jchefitz@mwe.com<br>ametts@mwe.com | Robert S. Walters<br>BARRETT & MCNAGNY LLP<br>215 East Berry Street<br>Fort Wayne, IN 46802<br>260.423.8905 – Telephone<br>260.423.8920 – Facsimile<br>rsw@barrettlaw.com |

*Attorneys for Steel Dynamics, Inc.*

| | |
|---|---|
| James R. Figliulo<br>Stephanie D. Jones<br>FIGLIULO & SILVERMAN P.C.<br>10 S. La Salle Street, Suite 3600<br>Chicago, IL 60603<br>312.251.4600 – Telephone<br>312.251.4610 – Facsimile<br>jfigliulo@fslegal.com<br>sjones@fslegal.com | Gregory A. Markel<br>CADWALADER, WICKERSHAM & TAFT LLP<br>One World Financial Center<br>New York, NY 10281<br>212.504.6000 – Telephone<br>212.504.6666 – Facsimile<br>greg.markel@cwt.com<br><br>Charles F. Rule<br>Joseph J. Bial<br>CADWALADER, WICKERSHAM & TAFT LLP<br>1201 F Street, N.W.<br>Washington, DC 20004<br>202.862.2200 – Telephone<br>202.862.2400 – Facsimile<br>rick.rule@cwt.com<br>joseph.bial@cwt.com |

*Attorneys for AK Steel Holding Corporation*

John W. Treece
Scott D. Stein
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
312.853.7000 – Telephone
312.853.7036 – Facsimile
jtreece@sidley.com
sstein@sidley.com

*Attorneys for SSAB Swedish Steel Corporation*

Joseph A. Tate
Stephen D. Brown
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
215.994.2350 – Telephone
215.655.2350 – Facsimile
joseph.tate@dechert.com
stephen.brown@dechert.com

*Attorneys for Commercial Metals Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2010, I electronically filed the foregoing document **DEFENDANTS' STATUS REPORT FOR THE MARCH 22, 2010 STATUS HEARING** and caused the same to be served electronically via the CM/ECF system upon all counsel of record.

      /s/ Todd J. Ehlman
      Todd J. Ehlman
      WINSTON & STRAWN LLP
      35 West Wacker Drive
      Chicago, IL 60601-9703
      312.558.5600 – Telephone
      312.558.5700 – Facsimile
      tehlman@winston.com