**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: STEEL ANTITRUST LITIGATION** <br><br> **THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS:** <br><br> *Standard Iron Works v. ArcelorMittal, et al.,* **Case No. 08-cv-5214** <br><br> *Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-5371** <br><br> *Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.,* **Case No. 08-cv-5633** <br><br> *Alco Industries, Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-6197** <br><br> *Gulf Stream Builders Supply, Inc. v. ArcelorMittal et al.*, **Case No. 10-cv-4236** | Case No. 08-cv-5214 <br><br> Honorable James B. Zagel |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO ALLOW ADDITIONAL TIME FOR DEPOSITION OF EXPERT WITNESS**

While there may be some unusual instances when multi-day depositions are appropriate for certain witnesses in complex litigation, this is not one of them. For reasons described below, Defendants have not shown good cause to extend the limits set by the Federal Rules for the deposition of Plaintiffs' econometric expert, Dr. McClave. Another relevant consideration is the *total* time for Defendants to depose Dr. McClave. In particular, Defendants are seeking two days now in connection with Dr. McClave's *initial* class certification report, and doubtless will request more time (i) if and when Dr. McClave submits a class certification rebuttal report, (ii) if

and when Dr. McClave submits a merits report before trial, and (iii) if and when Dr. McClave submits a merits rebuttal report. Accordingly, Plaintiffs respectfully submit that Defendants should proceed with a one-day deposition now in connection with Dr. McClave's initial class certification report, with any additional pre-certification testimony to be negotiated by the parties (and/or resolved by the Court) after Dr. McClave's rebuttal class certification report is submitted. Alternatively, the Court should impose a reasonable limit on the total time Defendants are permitted to examine Dr. McClave in connection with class certification, *i.e.*, a total of two days allocated as Defendants see fit between Dr. McClave's initial and rebuttal reports.[1]

## BACKGROUND

More than three years ago, when the parties initially discussed case scheduling, Defendants proposed that they would respond within 60 days to Plaintiffs' class certification expert reports. *See* Docket # 182-2. But when Plaintiffs filed their motion for class certification on May 24, 2012, Defendants insisted they needed 6 months to prepare a responsive brief and expert report. 6/5/2012 Hearing Tr., at 7. Soon thereafter, Defendants expanded their estimate to 8 months. 7/18/2012 Hearing Tr., at 7. The reason, according to Defendants, was to address Dr. McClave's multiple regression analysis, in particular the issues described at length by Defendants' expert, Dr. Hausman, during a Court hearing on July 18, 2012. *Id.*

On September 4, 2012 – several months after Defendants first received Dr. McClave's report and approximately six weeks after Dr. Hausman's presentation – Defendants contacted Plaintiffs to schedule a *one-day* deposition for Dr. McClave. That proposal made sense: having already enjoyed an unusual amount of time to identify the necessary areas of inquiry, and their expert having described the pertinent issues in July, Defendants at this point should be more than

---

[1] Plaintiffs respectfully request that Plaintiffs receive the same number of days to depose Defendants' expert, Dr. Hausman, as Defendants receive to depose Dr. McClave.

prepared to take an efficient deposition. The parties promptly scheduled the deposition for November 20, 2012, in Chicago. On November 5, however, Defendants abruptly changed course, contacting Plaintiffs to instead request a two day deposition in December. Plaintiffs opposed the two-day request but reluctantly agreed to postpone the November 20 deposition – for which Dr. McClave was already preparing – pending the Court's resolution of this motion.

## ARGUMENT

Under Fed. R. Civ. P. 30(d)(1), depositions are presumptively limited to "1 day of 7 hours." Absent agreement of the parties, a court order is required to deviate from this rule. "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d), advisory committee note, 2000 amend.

Defendants have not established good cause. Dr. McClave's initial class certification report was served in May. In June, Defendants appeared in Court to describe their basic criticism. In July, Defendants and their expert, Dr. Hausman, appeared in Court to describe their criticism in more detail. In September, having enjoyed several months to scrutinize Dr. McClave's report, Defendants scheduled a one-day deposition for November 20.

Not until November 5 – two weeks before the agreed deposition date – did Defendants so much as mention the possibility of a second day. But nothing has changed since September, when Defendants originally proposed and scheduled a one-day examination. Indeed, every aspect of Dr. McClave's analysis has been available to Defendants since May. Defendants' motion raises no new issues. Defendants point to the volume of transaction data, computer programs, and regression model output associated with Dr. McClave's analysis, but this of course has been known to Defendants from the start, and in any event represents standard fare in

3

antitrust litigation. Defendants' expert, Dr. Hausman, previewed these very same arguments (among others) back in July. Dr. Hausman has not identified any new issues in the interim. *Cf.* 7/18/12 Hearing Tr., at 54 (Court suggesting that Dr. Hausman provide periodic status updates).

The timeline suggests that, far from actually requiring two days with Dr. McClave, Defendants simply are seeking another opportunity for delay. That does not constitute good cause. Defendants are wrong to suggest, moreover, that the analysis in Dr. McClave's initial report is so complex as to warrant two days of deposition standing alone. Dr. McClave has presented a concise written report, a standard multiple regression methodology, and a straightforward econometric model. *See* Docket # 307, Ex. 3 (McClave report). As the Court recognized, Dr. McClave's "regression analysis . . . does not rate high on the most complicated of them" and the "factors and elements seem to be a lot less [complicated] than they've been in some other cases." 7/18/12 Hearing Tr., at 53-54.

Equally significant, from Plaintiffs' perspective, is the total number of hours for Defendants to depose Dr. McClave in connection with class certification and in the case as a whole. Defendants' motion is focused on Dr. McClave's initial class certification report, but the overall context bears consideration. First, Defendants have promised to serve their class certification opposition papers in January, including the expert report of Dr. Hausman, which undoubtedly will criticize Dr. McClave's analysis. *See* 7/18/2012 Hearing Tr., at 7. Dr. McClave likely will respond with a class certification rebuttal report, at which point Defendants likely will request *another* pre-certification deposition of Dr. McClave.[2]

---

[2] Indeed, Defendants have made no secret of their intention to seek permission to file a sur-reply brief and, presumably, more expert reports. If that is permitted, Plaintiffs, as the party bearing the burden of proof, will be entitled to file a third brief and presumably a third round of expert reports, which could prompt yet another Defendant request for deposition time.

4

If and when the class is certified, merits discovery will commence and, eventually, Dr. McClave will submit a merits report. Defendants' experts undoubtedly will criticize that report as well, likely prompting another rebuttal report from Dr. McClave. The upshot is that the usual practice in complex antitrust litigation involves the plaintiffs' econometric expert submitting four reports – two before class certification and two before trial – all involving the same basic underlying data and multiple regression methodology. Viewed in that context, are the Defendants entitled to depose Dr. McClave for two days per report going forward – potentially a total of eight days or more over the life of the case? That would be entirely unreasonable. *See* Fed. R. Civ. P. 30(d)(1) (depositions are presumptively limited to "1 day of 7 hours"); Fed. R. Civ. P. 26(b)(4)(A), advisory committee note, 1993 amend. ("Since depositions of experts required to produce a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.").

Obviously the Court need not address post-certification practice today; the future path of the case is merely background. It is appropriate, however, to put a sensible limit on Defendants' examination of Dr. McClave in connection with class certification. Plaintiffs disagree with any suggestion that two days per report is warranted. Instead, Plaintiffs respectfully submit that Defendants should be limited to one day in connection with Dr. McClave's initial report, while reserving until later the question of whether to allow a second deposition after Dr. McClave's class certification rebuttal report is served. Alternatively, Defendants should be permitted a total

of two days of deposition time, allocated between Dr. McClave's initial and rebuttal class certification reports as Defendants see fit.[3]

For the foregoing reasons, plaintiffs respectfully request that Defendants' motion to depose Dr. McClave for more than 1 day (7 hours) be denied.

Dated: November 20, 2012            Respectfully Submitted,

By:   /s/ Matthew Duncan

| | |
|---|---|
| Michael K. Kellogg | Allen D. Black |
| Mark C. Hansen | Roberta D. Liebenberg |
| Michael J. Guzman | Donald L. Perelman |
| Steven F. Benz | Jeffrey S. Istvan |
| **KELLOGG, HUBER, HANSEN,** | Matthew Duncan |
| **TODD, EVANS & FIGEL, P.L.L.C.** | Adam J. Pessin |
| Sumner Square | **FINE, KAPLAN AND BLACK, R.P.C.** |
| 1615 M Street, NW, Suite 400 | 1835 Market Street, 28th Floor |
| Washington, DC 20036 | Philadelphia, PA 19103 |
| Tel.: (202) 326-7900 | Tel.: (215) 567-6565 |

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

---

[3] By proposing a compromise position under which Defendants receive a total of two days to examine Dr. McClave in connection with class certification, Plaintiffs do *not* concede that a total of two days of class certification deposition is proper as to Dr. Solow. Regardless whether Dr. Solow submits a class certification rebuttal report, Plaintiffs reserve their right to oppose any effort to depose him again before class certification.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2012, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALLOW ADDITIONAL TIME FOR DEPOSITION OF EXPERT WITNESS** to be filed and served electronically via the Court's CM/ECF system upon all registered users.

/s/ *Matthew Duncan*
Matthew Duncan