# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANDARD IRON WORKS, on behalf of
itself and all others similarly situated,

     Plaintiffs,

        v.

ARCELORMITTAL; ARCELORMITTAL
USA, INC.; UNITED STATES STEEL
CORPORATION; NUCOR
CORPORATION; GERDAU
AMERISTEEL CORPORATION; STEEL
DYNAMICS, INC.; AK STEEL HOLDING
CORPORATION; SSAB SWEDISH
STEEL CORPORATION; COMMERCIAL
METALS, INC.,

     Defendants.

Case No. 08 C 5214

Judge James B. Zagel

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of the 10th day of March, 2014,

by Commercial Metals Company ("CMC" or "Settling Defendant") and Standard Iron Works,

Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries,

Inc., and Gulf Stream Builders Supply, Inc., in their individual capacities and in their capacity as

representatives of a proposed Settlement Class, as defined herein ("Plaintiffs") (collectively

referred to as "the Parties"):

WHEREAS, there is pending in the United States District Court for the Northern District

of Illinois, Eastern Division, a Class Action Complaint for Damages captioned *Standard Iron*

*Works v. ArcelorMittal, et al.*, Case No. 08-C-5214, that was filed on September 12, 2008

("Complaint") and consolidated with several related cases,[1] in which Plaintiffs allege that defendants unlawfully agreed to restrict the output of steel products in the United States, in violation of the Sherman Act (the "Action");

WHEREAS, Settling Defendant denies any and all wrongdoing in connection with the claims that have or could have been alleged against it in the Action and has asserted a number of defenses to Plaintiffs' claims;

WHEREAS, Settling Defendant, through its counsel, and Plaintiffs, through their counsel, have engaged in vigorous, arms-length negotiations that led to this Settlement Agreement, which embodies all of the terms and conditions of the settlement among the Parties, subject to approval of this Settlement Agreement by the Court;

WHEREAS, Plaintiffs are represented in the Action by Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., and Fine, Kaplan and Black, R.P.C. (collectively, "Interim Co-Lead Class Counsel"), along with other counsel (collectively with Interim Co-Lead Class Counsel, "Plaintiffs' Counsel"), and Settling Defendant is represented in the Action by Dechert LLP ("Defendant's Counsel");

WHEREAS, Plaintiffs' Counsel have concluded, despite their belief after extensive discovery and investigation of the facts that their claims have merit, after carefully considering the circumstances of the case, including the claims asserted in the Complaint and the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and assure

---

[1] Putative class representatives filed seven direct purchaser class actions in this Court, which have been consolidated in this action: Standard Iron Works v. ArcelorMittal et al., No. 08 C 5214; Wilmington Steel Processing Co., Inc. v. ArcelorMittal et al., No. 08 C 5371; Capow, Inc. v. ArcelorMittal et al., No. 08 C 5633; MPM Display, Inc. v. ArcelorMittal et al., No. 08 C 5700; REM Sys., Inc. v. ArcelorMittal et al., No. 08 C 5942; Alco Indus. Inc. v. ArcelorMittal, et al., No. 08 C 06197, and Gulf Stream Builders Supply, Inc. v. ArcelorMittal, et al, No. 10-cv-4263. The MPM Display and REM Systems cases were voluntarily dismissed.

that the benefits reflected herein are obtained for the Settlement Class and, further, that

Plaintiffs' Counsel consider the settlement set forth herein to be fair, reasonable and adequate

and in the best interests of the Plaintiffs and all members of the Settlement Class;

WHEREAS, Settling Defendant, despite its belief, after extensive discovery and

investigation of the facts, that the claims lack merit and that it has full and complete defenses to

the claims asserted against it, has agreed to enter into this Settlement Agreement to avoid further

expense, inconvenience, and distraction of burdensome and protracted litigation, and to thereby

put to rest with finality this controversy with Plaintiffs and the Settlement Class Members;

WHEREAS, Settling Defendant and Plaintiffs have had a full opportunity to examine the

facts and circumstances surrounding their respective decisions to accept the terms of the

Settlement Agreement and have not relied on any representations (or the lack thereof) made by

any other party concerning the circumstances leading to this Settlement Agreement;

NOW, THEREFORE, it is agreed between Settling Defendant and Plaintiffs, and by and

through Plaintiffs' Counsel and Defendant's Counsel, in consideration for the mutual covenants

contained in this Settlement Agreement and other good and valuable consideration the adequacy

of which is hereby acknowledged, that the Action against Settling Defendant be settled,

compromised and dismissed on the merits and with prejudice and, except as hereafter provided,

without costs as to Plaintiffs or Settling Defendant, subject to the approval of the Court, on the

following terms and conditions:

1.      **Settlement Class**.  The proposed Settlement Class shall consist of:

> All persons (excluding Defendants, their present and former
> parents, subsidiaries, affiliates, joint ventures, co-conspirators and
> government entities) who Purchased Steel Products directly from
> any of the defendants in *Standard Iron Works v. ArcelorMittal et
> al.*, Case No. 08-C-5214, or their subsidiaries or controlled
> affiliates at any time between April 1, 2005 and December 31,

2007 ("the Settlement Class Period") for delivery in the United States.

For purposes of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:

"Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

"Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

2. **Reasonable Best Efforts to Effectuate This Settlement Agreement**. The Parties shall undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.

3. **Motion for Preliminary Approval.** As soon as practicable following the execution of this Settlement Agreement, Class Counsel shall submit to the Court a motion, which

shall not be opposed by Settling Defendant, seeking entry of an order in substantially the form annexed hereto as Exhibit A ("Preliminary Approval Order") preliminarily approving the Settlement, certifying the Settlement Class solely for the purposes of this Settlement, approving the Notice and Notice Plan, and suspending all deadlines as against Settling Defendant until the Court renders a final decision concerning the approval of the Settlement Agreement, and if it approves the Settlement Agreement, enters the final judgment.

      4.    **Notice to Settlement Class.**  Upon entry of the Preliminary Approval Order, Plaintiffs' Counsel shall, in accordance with the Preliminary Approval Order, provide notice of the proposed settlement to members of the Settlement Class.  Prior to submission of the proposed Notice and Notice Plan to the Court, Class Counsel will provide a draft Notice and Notice Plan to Settling Defendant for its comments and approval.  Class Counsel will, in good faith, consider Settling Defendant's comments, and Settling Defendant reserves the right to call to the Court's attention any deficiencies it believes exist in the Notice or Notice Plan.  The Notice and Notice Plan will be reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the Settlement Agreement, and their opportunity to be heard in connection therewith. The Notice Plan will provide that Notice will be given (i) by direct mail to Settlement Class Members who can be identified through reasonable efforts, and if necessary (ii) by publication to all Settlement Class Members in selected media.  Settlement Class Members shall have the right to exclude themselves from the Settlement Class pursuant to the procedure set forth in the Notice.  Within ten (10) days of the conclusion of the period in which Settlement Class Members may file a written request for exclusion, Class Counsel shall deliver to Defendant's Counsel all such requests received.   Each Settlement Class Member that does not file a timely written request for exclusion in accordance with the procedures set forth in the Notice shall be bound by

all of the terms of this Settlement Agreement, including the Release defined in Paragraph 12.

Settlement Class Members also shall have the right to object to the fairness, reasonableness or

adequacy of the Settlement or any part thereof, in accordance with the terms and conditions set

forth in the Notice and the Preliminary Approval Order.

5.      **Motion for Final Approval and Entry of Final Judgment**.  At a final fairness

hearing, Plaintiffs' Counsel shall seek entry of an order and final judgment in the form attached

hereto as Exhibit B (the "Final Order and Judgment") finally approving the Settlement

Agreement.  Plaintiffs' Counsel may, at their sole discretion, also request from the Court an

award of attorneys' fees and/or reimbursement of litigation expenses to be paid out of the

Settlement Fund.  Settling Defendant will not oppose Plaintiffs' request for final approval of the

Settlement, and Settling Defendant will not oppose Plaintiffs' Counsel's request for an award of

attorneys' fees and/or reimbursement of litigation expenses.

6.      **Finality**.  This Settlement Agreement shall become Final upon the occurrence of

all of the following:

a.      Entry, as provided in Paragraph 5 above, is made of the Final Order and

Judgment; and

b.      The time for appeal or to seek permission to appeal from the Final Order

and Judgment expires, or if appealed, either; (i) such appeal is dismissed with prejudice prior to

resolution by the applicable court; (ii) the Final Order and Judgment is affirmed in its entirety by

the court of last resort to which such appeal may be taken; or (iii) the Final Order and Judgment

is modified and finally entered and neither Settling Defendant nor Plaintiffs elects to terminate

the Settlement pursuant to paragraph 14 below.

7.     **Settlement Administrator.**   Pursuant to the Preliminary Approval Order, Plaintiffs' Counsel shall engage a qualified settlement administrator (the "Settlement Administrator") to assist with the settlement claims process, if any, and perform certain ministerial functions concerning the Escrow Account as set forth in Paragraph 9.  All Court-approved costs and expenses reasonably and actually incurred by the Settlement Administrator in connection with providing notice to the Settlement Class, communicating with Settlement Class Members, and, if applicable, administering and distributing the Settlement Fund ("Notice and Administration Costs") shall be paid solely from the Settlement Fund, in accordance with Paragraph 10(b).  Notice and Administration Costs shall not include any amounts attributable to the Expense Amount as defined in Paragraph 10(c).

8.     **The Settlement Fund**.  Subject to the provisions hereof, and in full, complete, and final settlement of this matter as provided herein, within ten (10) business days after entry of the Preliminary Approval Order, Settling Defendant shall pay by wire transfer three million, nine hundred ninety-nine thousand, nine hundred ninety-nine U.S. dollars ($3,999,999.00) (the "Settlement Amount") into an escrow account ("Escrow Account") established and administered pursuant to an escrow agreement agreeable to the Parties ("Escrow Agreement").   Settling Defendant shall have no payment obligation after the payment of the Settlement Amount.  The Escrow Account shall be administered by an escrow agent mutually satisfactory to Settling Defendant and Plaintiffs' Counsel (the "Escrow Agent").  In accordance with the Escrow Agreement, the Escrow Agent shall be instructed to invest the Settlement Amount in United States Treasury Bills, United States Treasury Notes, or other instruments insured or guaranteed by the full faith and credit of the United States, and any interest earned on the Settlement Amount (together with the Settlement Amount) shall become part of the "Settlement Fund." The

Attorneys' Fees, Expense Amount, Notice and Administration Costs, Tax Expenses and any other costs of implementing the settlement as the Court may determine shall be paid solely from the Settlement Fund. The Settlement Fund shall be paid and distributed in accordance with orders of the Court, this Settlement Agreement and the Escrow Agreement. Settling Defendant shall take no position, and shall have no obligation, responsibility or liability with respect to the management, allocation, administration or distribution of the Settlement Fund.

9. **Escrow Account**.

a. The Parties agree to treat the Escrow Account and the Settlement Fund at all times as a single "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1. All necessary steps shall be taken to ensure that the Escrow Account and Settlement Fund are treated as a "qualified settlement fund" in accordance with Treasury Regulation 1.468B-1. The Parties and their respective agents shall not take any action that would adversely affect the qualification of the Escrow Account and the Settlement Fund as a qualified settlement fund or would cause the Escrow Account and the Settlement Fund to be treated as a grantor trust for tax purposes. At the request of Settling Defendant, a "relation back election" as described in Treas. Reg. §1.468B-1(j) shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible and all parties shall take all steps necessary or appropriate to this end.

b. For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B-2(k)(3), the "administrator" shall be the Settlement Administrator. The Parties agree that the Settlement Administrator shall be engaged to timely and properly file all informational and other tax returns necessary or advisable with respect to the Escrow Account (including without limitation the returns described in Treas. Reg. Section

8

1.468B-2(k)(1) and Treas. Reg. Section 1.468B2(l)).  Such returns shall be consistent with this subparagraph (b) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in subparagraph (c) herein.

       c.      All  taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned on the Settlement Fund by the Escrow Account ("Taxes") shall be paid out of the Escrow Account upon joint written instructions from Plaintiffs' Counsel and Defendant's Counsel, in accordance with Paragraph 10(a).  All expenses and costs incurred by the Settlement Administrator in connection with the operation and implementation of this paragraph (including, without limitation, reasonable expenses of tax attorneys and/or accountants and mailing and distribution costs, expenses or penalties relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses") shall be treated as, and considered to be, an Administration Cost of the settlement and shall be paid upon Court order in accordance with Paragraph 10(b).  The Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay Taxes and Tax Expenses.

       **10.**      **<u>Distribution of the Settlement Fund</u>**.  The Parties agree that the Settlement Fund shall be paid out as follows:

       a.      Taxes shall be paid in accordance with paragraph 9 above.

       b.      After entry of an order approving such distribution, the Settlement Administrator shall be paid Notice and Administration Costs and Tax Expenses.

       c.      After entry of an order awarding attorneys' fees to Class Counsel ("Attorneys' Fees") and/or reimbursement of litigation expenses, e.g., expert fees, hearing and

deposition expenses, e-discovery expenses, travel expenses, etc., to Class Counsel (the "Expense Amount"), and within five (5) banking days following written certification by Plaintiffs' Counsel and counsel for Settling Defendant that the Effective Date (as defined in paragraph 11 below) has occurred, the Attorneys' Fees and/or Expense Amount, or $2 million, whichever is less, may be paid in accordance with the written instructions of Plaintiffs' Counsel; provided, however, that any Plaintiffs' Counsel seeking to draw down their share of the Attorneys' Fees or Expense Amount prior to the Settlement Agreement becoming Final shall submit to the Settlement Administrator a Letter of Credit or Letters of Credit on terms and issued by banks acceptable to Settling Defendant securing repayment in the amount of the draw down.

d.      After entry of an order awarding Attorneys' Fees and/or an Expense Amount, and within five (5) banking days after receipt of written notification by Plaintiffs' Counsel and Defendant's Counsel that the Settlement Agreement has become Final (as defined in paragraph 6 above), any then-unpaid portion of the Attorneys' Fees and/or Expense Amount, e.g., any portion in excess of the amounts drawn down in accordance with subparagraph (c) above, shall be paid in accordance with the written instructions of Plaintiffs' Counsel.

e.      Within five (5) banking days following written certification by Plaintiffs' Counsel and counsel for Settling Defendant that the Effective Date will not occur, and in accordance with written instructions of Settling Defendant, that portion of the Settlement Fund, including accrued interest thereon, that remains after an allowance for any unpaid Notice and Administration Costs and Tax Expenses shall be paid to Settling Defendant.

f.      If funds remain in the Settlement Fund after payment of the amounts set forth in subparagraphs (a)-(d) above, then (i) after written certification by counsel for Settling Defendant and Plaintiffs' Counsel that the Settlement Agreement is Final pursuant to paragraph

6 hereof, and (ii) after receipt of an order of the Court approving distribution of the Settlement Fund to the Settlement Class, the remaining Settlement Funds shall be distributed as ordered by the Court; provided, however, that any amounts in the Escrow Account necessary for Taxes or Tax Expenses shall remain in the Escrow Account.

g.    Each Class member shall look solely to the Settlement Amount for settlement and satisfaction, as provided herein, of all claims released by the Releasors (as defined below).  Other than payment of the Settlement Amount, Settling Defendant shall not be liable for any fees or expenses of Plaintiffs' Counsel, Plaintiffs, or any Settlement Class Member in connection with the Action or any Released Claims (as defined below).  Plaintiffs' Counsel agree that they will not seek any additional fees or expenses from Settling Defendant in connection with the Action and the Settlement Agreement, set forth herein.

h.    In the event that the Final Order and Judgment is reversed on appeal, in whole or in part, and the Settlement Agreement is terminated pursuant to Paragraph 14 below, then (i) Plaintiffs' Counsel shall reimburse the Settlement Fund within ten (10) days all or the pertinent portion of any draw down of Attorneys' Fees or Expense Amounts, described above in subparagraph (c) with interest, calculated at the rate of interest published in the *Wall Street Journal* for three-month U.S. Treasury Bills as of the close of the date that the draw-down was distributed, and (ii) within five (5) banking days thereafter, upon receipt of  written certification by Plaintiffs' Counsel and counsel for Settling Defendant that the Settlement Agreement has terminated, and in accordance with written instructions of counsel for Settling Defendant, that portion of the Settlement Fund, including any interest thereon, that remains after an allowance for any unpaid Notice and Administration Costs and Tax Expenses shall be distributed to Settling

Defendant   The Settlement Administrator may present the Letter(s) of Credit in the event Plaintiffs' Counsel fails to honor the obligation to repay the amount withdrawn.

i.      In the event that the Settlement Agreement is not terminated but the Court's order awarding the Attorneys' Fees or Expense Amount is vacated, in whole or in part, then by a date no later than ten (10)  days after finality of such an order (including any appeals or proceedings on remand), Plaintiffs' Counsel, and each of them, shall be obligated to return, and do hereby agree that they shall return to the Settlement Fund, any vacated portion of the Attorneys' Fees and/or Expense Amount that has been distributed to them.  The Settlement Administrator may present the Letter(s) of Credit in the event Plaintiffs' Counsel fails to honor the obligation to repay the amount withdrawn.

**11.**    **Effective Date of Settlement Agreement**.  The Effective Date of this Settlement Agreement shall be the first day after which all of the following events and conditions of this Settlement Agreement have been met or have occurred:

a.      Counsel for Settling Defendant and Plaintiffs' Counsel have executed this Settlement Agreement;

b.      The Preliminary Approval Order has been entered;

c.      The deadline for Settlement Class Members to request exclusion from the Settlement has passed; and

d.      The Court has entered the Final Order and Judgment approving the Settlement Agreement.

**12.**    **Releases**.

a.      Upon the Effective Date, all Settlement Class Members, on behalf of themselves and their respective past, present, direct and indirect parents, subsidiaries, affiliates,

predecessors and successors, and the past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint ventures, partners, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Releasors") shall be deemed to have, and by operation of the Final Order and Judgment, shall have, fully, finally, and forever released and discharged Settling Defendant, its past and present, direct and indirect parents, subsidiaries, affiliates, predecessors and successors, and the past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint ventures, partners, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Released Parties") from all claims, actions, causes of action, lawsuits, damages, liabilities, costs, expenses, whether class or individual in nature, whether known or unknown, foreseen or unforeseen, existing in the past, existing in the present or arising in the future, that were or could have been alleged in this Action ("Released Claims").  Each Releasor hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based in whole or in part on any Released Claims.

b.      In addition, each Releasor hereby expressly waives and releases, upon this Settlement Agreement becoming final, any and all provisions, rights, or benefits conferred by section 1542 of the California Civil Code, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;*

and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to section 1542 of the California Civil Code.  Each Settlement Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims.  Nevertheless, each Settlement

Class Member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, the Released Claims, whether any Released Claim is known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor further forever waives and relinquishes any and all rights and benefits existing under any law or principle of law in any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above without regard to the subsequent discovery or existence of other or different facts.

c.     The Releases set forth herein shall not release any claims, whether pending or not, whether known or unknown, for product liability, personal injury, breach of warranty, breach of contract, nor shall they release claims under the Uniform Commercial Code or any other claims whatsoever that are not related to the subject matter of the Complaint.

13.     **Reservation of Claims**. This Settlement Agreement does not settle or compromise any claims by Plaintiffs or any Settlement Class Member against any party other than the Released Parties. The Settlement Class Members intend by this Settlement Agreement to settle with and release only the Released Parties, and the Parties do not intend this Settlement Agreement, or any part hereof, to release or otherwise affect in any way any rights Settlement Class Members have or may have against any other party or entity whatsoever, including but not limited to non-settling Defendants ArcelorMittal, ArcerlorMittal USA, Inc., United States Steel Corporation, Nucor Corporation, Gerdau Ameristeel Corporation, Steel Dynamics, Inc., AK Steel Holding Corporation, and SSAB Swedish Steel Corporation, and their past and present, direct or indirect parents, subsidiaries, affiliates, predecessors or successors. All rights of any Settlement Class Member against non-settling Defendants or any other person or entity (other

14

than the Released Parties) for sales made by Settling Defendant are specifically reserved by Plaintiffs and the Settlement Class Members. Sales of steel products by the Settling Defendant in the United States shall remain the subject of damages and/or joint and several liability claims in the Action against defendants other than Settling Defendant and/or against any future defendants other than the Released Parties.

14. **Rights to Terminate Settlement**. If the Court does not finally approve this Settlement Agreement in its entirety, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Order and Judgment substantially in the form provided for in Exhibit B attached hereto, or if the Court enters the Final Order and Judgment and appellate review is sought and, on such review, such Final Order and Judgment is not affirmed or is affirmed with material modifications, then this Settlement Agreement may be terminated upon the election of Settling Defendant or Plaintiffs' Counsel. A modification or reversal on appeal of (i) any amount of Attorneys' Fees or Expense Amount awarded by the Court from the Settlement Fund or (ii) of a proposed plan of distribution shall not be deemed a material modification of all or a part of the terms of this Settlement Agreement or Final Order and shall not give rise to any right of termination. Except as provided in this paragraph, no Party or Counsel shall have any other right to terminate this Settlement Agreement.

15. **Effect of Termination**. If this Settlement Agreement is terminated pursuant to Paragraph 14, then (a) any Attorneys' Fees or Expense Amounts paid to Plaintiffs' Counsel shall be paid to the Settlement Fund in accordance with paragraph 10(h); (b) the Settlement Fund, net of (i) Tax Expenses, and (ii) Notice and Administration Costs, shall be returned to the Settling Defendant; (c) the Settlement Agreement shall be of no force or effect, except for payment of Tax Expenses and Notice and Administration Costs from the Settlement Fund; (d) any Release

15

pursuant to paragraph 12 shall be of no force or effect; and (e) the Parties will return to litigation

of this Action as if the Settlement had never happened, with all Parties bound by all Orders of the

Court regardless of the date of entry.  The parties otherwise expressly reserve all of their rights if

this Settlement Agreement is terminated or does not become final.

   **16.** **No Admission; Reservation of Rights**.  Neither this Settlement Agreement,

whether it becomes final or not, nor any negotiations, documents, or discussions associated with

it, nor any proceedings undertaken in accordance with the terms set forth herein, shall be

construed as or deemed to be evidence of or an admission or concession by Settling Defendant in

any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court,

administrative agency, regulatory body, or any other body or authority, present or future, of any

violation of any statute or law, of any liability or wrongdoing by Settling Defendant, or of the

truth or validity of any of the claims or allegations contained in the Complaint or any other

pleading that Plaintiffs or the Settlement Class have or could have asserted against Settling

Defendant including, without limitation, that Settling Defendant has engaged in any conduct or

practice that violates any antitrust statute, or other law, regulation or obligation.  Settling

Defendant expressly denies any liability whatsoever for any and all such claims and allegations.

   **17.** **Cooperation.** Once the Settlement Agreement becomes final, Settling Defendant

agrees (i) to produce, at Settling Defendant's expense, in native format, all non-privileged

documents that have been collected from the eight former CMC employees identified in

Plaintiffs' November 19, 2010 Motion to Compel (the "CMC Former Employees") by

Defendant's Counsel to date for purposes of this litigation but that have not yet been produced;

(ii) to produce, at Plaintiffs' option and expense, all other non-privileged documents that have

been collected by Defendant's Counsel to date for purposes of this litigation but that have not yet

16

been produced; and (iii) to cooperate with Plaintiffs to authenticate and qualify as business records, if applicable, up to 50 of its documents that are identified by Plaintiffs as potential trial exhibits, either via written affidavit or, if required by the Court, by providing a custodian of records witness. Privileged documents shall be identified through the use of search terms used by Settling Defendant in its initial document production. Should Plaintiffs identify any privileged document that has been inadvertently produced as a result of this paragraph, they shall immediately return the inadvertently-produced document to Settling Defendant and advise Settling Defendant of all parties to whom the document has been produced. Counsel for Settling Defendant further agrees to use its reasonable best efforts to assist Plaintiffs to find and interview regarding the facts alleged in this Action the CMC Former Employees.

18.     **Confidentiality.** All orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

19.     **Consent to Jurisdiction**. Settling Defendant, Plaintiffs, Defendant's Counsel, Plaintiffs' Counsel and Settlement Class Members hereby submit to the exclusive jurisdiction of the Court for the purpose of any suit, action, proceeding, or dispute seeking enforcement of this Settlement Agreement or any of the terms herein or the applicability of this Settlement Agreement or the Escrow Account.

20.     **Resolution of Disputes: Retention of Jurisdiction**. Any disputes between or among Settling Defendant, Plaintiffs, Plaintiffs' Counsel, Defendant's Counsel and any Settlement Class Member concerning matters contained in this Settlement Agreement, the Escrow Account and all related agreements and matters shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain jurisdiction over

the implementation and enforcement of this Settlement Agreement, the Escrow Account and all related agreements and matters.

21.     **Authorization to Enter Settlement Agreement**.  The undersigned representatives of Settling Defendant represent that they are fully authorized to enter into and to execute this Settlement Agreement on behalf of Settling Defendant.  The undersigned representatives of Plaintiffs represent that they are fully authorized to enter into and to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class Members, subject to Court approval.

22.     **No Party Is the Drafter**.  None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

23.     **Inconsistency Between the Settlement Agreement and Exhibits**.  Any inconsistency between this Settlement Agreement and the exhibits attached hereto shall be resolved in favor of the Settlement Agreement.

24.     **Choice of Law**.  All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of Illinois without regard to its choice-of-law or conflict-of-laws principles.

25.     **Amendment; Waiver**.  This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or

construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

26.    **Execution in Counterparts**.  This Settlement Agreement may be executed in counterparts.  Facsimile or .pdf signatures shall be considered as valid signatures as of the date thereof.

27.    **Integrated Agreement**.  This Settlement Agreement, including the exhibits hereto and the Supplemental Letter, comprise the entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties.

28.    **Construction**.  This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the Released Claims with respect to the Released Parties.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the date last executed.

Date:   March 10, 2014

**SETTLING DEFENDANT**

Commercial Metals Company

By:

_____
                    **Paul K. Kirkpatrick**

Its:

_____
                    **VP, General Counsel and
                    Corporate Secretary**

**PLAINTIFFS:**

_____
Standard Iron Works
Wilmington Steel Processing Co., Inc.
Capow, Inc. d/b/a Eastern States Steel
Alco Industries, Inc.
Gulf Stream Builders Supply, Inc.

By:

_____
Interim Co-Lead Class Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| STANDARD IRON WORKS, on behalf of itself and all others similarly situated,<br><br>      Plaintiffs,<br><br>          v.<br><br>ARCELORMITTAL; ARCELORMITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL CORPORATION; STEEL DYNAMICS, INC.; AK STEEL HOLDING CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS, INC.,<br><br>      Defendants. | Case No. 08 C 5214<br><br>Judge James B. Zagel |

**[PROPOSED] ORDER PRELIMINARILY APPROVING THE
SETTLEMENT WITH COMMERCIAL METALS COMPANY[1]
AND AUTHORIZING DISSEMINATION OF NOTICE**

Upon consideration of (i) Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement with Commercial Metals Company (the "Motion"), (ii) the Settlement Agreement dated March 10, 2014, attached as Exhibit 1 to the Motion, (iii) the Brief in support of the Motion (the "Preliminary Approval Brief"), (iv) the proposed Notice Plan (collectively, the "Settlement Documents"), and (v) the oral arguments of the Parties, if any; and for good cause shown;

---

[1] Commercial Metals Company is improperly named as "Commercial Metals, Inc." in the caption of the Complaint but is otherwise correctly named in the body of the Complaint.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Motion is

GRANTED as follows:

**I.**   **Jurisdiction**

1.      This Court has jurisdiction over this Action and over all the parties.

**II.**   **Certification of the Proposed Settlement Class**

2.      The Court makes the following preliminary determinations as required by Rule

23 in light of the proposed settlement:

a.      Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court preliminarily certifies

the following Settlement Class:

All persons (excluding Defendants, their present and former parents, subsidiaries, affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel Products directly from any of the defendants in *Standard Iron Works v. ArcelorMittal et al.*, Case No. 08-C-5214, or their subsidiaries or controlled affiliates at any time between April 1, 2005 and December 31, 2007 ("the Settlement Class Period") for delivery in the United States.

For purposes of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:

"Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

"Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction

price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

*See* Settlement Agreement ¶ 1.

      b.      Pursuant to Rule 23(a)(1), the Court preliminarily determines that the members of the Settlement Class are ascertainable from the reasonably accessible records available to Plaintiffs' Counsel and Defendants and that members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

      c.      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court preliminarily determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class, including whether Defendants violated federal antitrust law by allegedly engaging in coordinated production cuts in order to raise, maintain or stabilize prices above competitive levels with respect to Steel Products.

      d.      Named Plaintiffs Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc. (collectively, "Plaintiffs"), are hereby conditionally appointed as representatives of the Settlement Class, for the following reasons:

            i.      Pursuant to Rule 23(a)(3), the Court preliminarily determines that the Plaintiffs' claims are typical of the claims of the proposed Settlement Class. Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class; and

           ii.      Pursuant to Rule 23(a)(4), the Court preliminarily determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the Settlement Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in

recovering the overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out will be given an opportunity to do so. Furthermore, Plaintiffs have demonstrated the ability and incentive to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action.

e.     Pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of the proposed Settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses involved, the issues in this Action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

f.     Also pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of the proposed Settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that the class is manageable in light of the Settlement preliminarily approved in this Order.

g.     Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby conditionally appointed as Co-Lead Counsel for the Settlement Class ("Co-Lead Counsel"):

KELLOGG, HUBER, HANSEN, TODD,             FINE, KAPLAN AND BLACK, R.P.C.
EVANS, & FIGEL, P.L.L.C.                   One South Broad Street, 23rd Fl.
Sumner Square                             Philadelphia, PA 19107
1615 M Street, N.W., Suite 400
Washington, DC 20036


**III.     Preliminary Approval of the Proposed Settlement**

3.      Upon review of the record and the Settlement Documents, the Court finds that

the proposed Settlement – which includes, *inter alia*, a cash payment by Commercial Metals,

Company  ("CMC" or "Settling Defendant") of $3,999,999.00 for the benefit of the Settlement

Class, in exchange for, *inter alia*, dismissal of the litigation with prejudice and releases of

claims by Plaintiffs and the Settlement Class as set forth in the Settlement Agreement– was

arrived at by good faith arm's-length negotiations by highly experienced counsel, after years of

litigation, and upon a developed litigation record.  The Settlement falls within the range of

reasonable and possibly approvable settlements, and is hereby preliminarily approved, subject

to further consideration at the Fairness Hearing described below.

**IV.     Approval of the Plan of Notice to the Settlement Class**

4.      The proposed forms of notice to Settlement Class Members of the pendency of

this Class Action and the proposed Settlement thereof, including the Mailed Notice and the

Publication Notice (the "Notices"), and the proposed methods of notice dissemination described

in the Preliminary Approval Brief and the Notice Plan satisfy the requirements of Rule 23(e) of

the Federal Rules of Civil Procedure and due process of law, are otherwise fair and reasonable,

and therefore are approved.

**V.     Appointment of the Settlement Administrator**

5.      The Court appoints _____ to serve as the Settlement Administrator

to assist Class Counsel in disseminating the notice and, if applicable, with administering class

member claims, distributing Notices and claim forms, assisting in the computation of claimant allocation amounts, and doing all that is reasonably necessary to administer the Settlement. Class Counsel shall submit to the Court for approval all reasonable expenses incurred by the Settlement Administrator out of the Settlement Fund in accordance with the Settlement Agreement.

**VI.**     **The Settlement Schedule and the Final Fairness Hearing**

6.     A hearing on final approval (the "Fairness Hearing") shall be held before this Court on _____ _____, **2014,** at _____[a.m./p.m.], in Courtroom 2503, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  At the Fairness Hearing, the Court will consider, *inter alia*:

a.    whether the Settlement Class meets the requirements for final certification for settlement purposes under Fed. R. Civ. P. 23;

b.    the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved;

c.    whether the Notices and Notice Plan satisfied the requirements of Fed. R. Civ. P. 23 and due process;

d.    whether the Court should award attorneys' fees (if applied for) and approve reimbursement of expenses to Class Counsel, and in what amount(s);

e.    whether the Court should approve a proposed plan of allocation and distribution of settlement proceeds, if one is submitted; and

f.    whether entry of a final judgment terminating this litigation with respect to CMC should be entered.

The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the settlement website.

7.     Class Counsel and the Settlement Administrator shall provide notice to the Settlement Class substantially in accordance with the forms and schedule set forth in the Notice Plan.

8.     Any request for exclusion from the Settlement Class must be delivered to the Settlement Administrator on or before_____ ___, 2014. All requests for exclusion must be in writing and include: (i) the Settlement Class member's name, address and telephone number; (ii) a request to opt out of the Settlement; (iii) the case name and number: *In re Steel Antitrust Litigation*, Case No. 08-cv-5214, United States District Court for the Northern District of Illinois, Eastern Division (Judge Zagel); and (iv) a statement certifying membership in the Settlement Class;

9.     Any Objection to the Settlement or Class Counsel's expense petition shall be filed in this Court (directed to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604), and served via U.S. Mail on the following counsel, on or before _____ ____, 2014:

|  |  |
|---|---|
| CHRISTINE C. LEVIN<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 | JEFFREY S. ISTVAN<br>FINE, KAPLAN AND BLACK, R.P.C.<br>One South Broad Street, 23rd Fl.<br>Philadelphia, PA 19107 |

Any such Objection shall include a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs.

10.     Any Settlement Class member who wishes to appear in person and be heard at the Fairness Hearing must file a Notice of Intention to Appear on or before _____ _____, 2014.

11.     All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any objections and will not be heard at the Fairness Hearing.

12.     Plaintiffs' motion for final settlement approval, an affidavit of compliance with the Notice Plan, any motions for attorneys' fees and/or reimbursement of expenses, and any proposed plan of allocation and distribution that Class Counsel wish to be considered at the Fairness Hearing, shall be filed within seven (7) days of the Fairness Hearing and shall be posted on the settlement website in accordance with the Notice Plan.

## VII.     <u>Administrative Matters</u>

13.     The pendency of the proposed Settlement shall not affect the litigation schedule in this matter in any way; provided, however, that all deadlines as against Settling Defendant are suspended.  In the event that the Settlement does not become final, the Parties to the Settlement will return to litigation of this Action as if the Settlement had never happened, with the Parties to the Settlement bound by all Orders of the Court regardless of the date of entry, and the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, and shall have no further force and effect; Plaintiffs and the Settlement Class shall retain full rights to assert any

and all causes of action against CMC and any other released party, and CMC and any other released parties shall retain any and all defenses and counterclaims thereto.

      14.     Any capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

SO ORDERED this _____ day of_____, 2014.

_____
                         Honorable James B. Zagel
                         United States District Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANDARD IRON WORKS, on behalf of
itself and all others similarly situated,

       Plaintiffs,

       v.

ARCELORMITTAL; ARCELORMITTAL
USA, INC.; UNITED STATES STEEL
CORPORATION; NUCOR
CORPORATION; GERDAU
AMERISTEEL CORPORATION; STEEL
DYNAMICS, INC.; AK STEEL HOLDING
CORPORATION; SSAB SWEDISH
STEEL CORPORATION; COMMERCIAL
METALS, INC.,

       Defendants.

Case No. 08 C 5214

Judge James B. Zagel

**[PROPOSED] ORDER AND JUDGMENT APPROVING SETTLEMENT AND
DISMISSING WITH PREJUDICE COMMERCIAL METALS COMPANY[1], AND
ORDER AWARDING ATTORNEYS' FEES AND/OR REIMBURSEMENT OF
EXPENSES**

The Court, having considered (a) **[final approval motion]**; (b) **[brief in support of
motion]**; (c) **[declarations, if any, in support of motion]**; (d) **[motion for fees, if any, and for
reimbursement of expenses]**; (e) **[brief in support of fee/expense motion]**; (f) **[declarations,
if any, in support of fee/expense motion]**; (g) any and all comments and objections from
members of the Settlement Class; and (h) any responses thereto; and having held a hearing on
_____ ____, 2014 and considered all of the submissions and arguments with respect
thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance

---

[1] Commercial Metals Company is improperly named as "Commercial Metals, Inc." in the caption of the
Complaint but is otherwise correctly named in the body of the Complaint.

with the terms of the Settlement Agreement between Plaintiffs and Commercial Metals Company

("CMC" or "Settling Defendant"), it is hereby ORDERED, ADJUDGED AND DECREED that

the Motions are GRANTED as follows:

1.      The Court has personal jurisdiction over all Settlement Class members and has

subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve

and enforce the Settlement Agreement, to grant final certification to the Settlement Class for

settlement purposes, and to dismiss the Action with prejudice as to CMC.

2.      Based on the record before the Court, including the Order Preliminarily

Approving Settlement with Commercial Metals Company and Authorizing Dissemination of

Notice ("Preliminary Approval Order"), the submissions in support of the Settlement, and any

objections and responses thereto, the Court finds that all requirements of Fed. R. Civ. P. 23(a)

and (b)(3) have been satisfied, and hereby certifies for settlement purposes the following

Settlement Class:

> All persons (excluding Defendants, their present and former parents, subsidiaries, affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel Products directly from any of the defendants in *Standard Iron Works v. ArcelorMittal et al.*, Case No. 08-C-5214, or their subsidiaries or controlled affiliates at any time between April 1, 2005 and December 31, 2007 ("the Settlement Class Period") for delivery in the United States.

> For purposes of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:

> "Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

> "Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist,

2

decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

*See* Settlement Agreement ¶ 1. The Settlement Class excludes the Settlement Class members listed on the attached **[exhibit listing opt-outs]**.

3.     The Court finds that the requirements of Rule 23 are satisfied for settlement purposes, as follows:

a.  Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class members are ascertainable from the reasonably accessible records available to Plaintiffs' Counsel and Defendants and that Settlement Class members are so numerous that their joinder before the Court would be impracticable.

b.  Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class, including whether Defendants violated federal antitrust law by allegedly engaging in coordinated production cuts in order to raise, maintain or stabilize prices above competitive levels with respect to certain steel products.

c.  Pursuant to Rule 23(a)(3), the Court determines that the Plaintiffs' claims are typical of the claims of the proposed Settlement Class. Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class;

d.    Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Class.  All of the Settlement Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out has been given an opportunity to do so.  Furthermore, Plaintiffs have demonstrated the ability and incentive to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action.

e.    Pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlement, common questions of law and fact predominate over questions affecting only individual members.  In light of the class-wide claims, issues, and defenses involved, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

f.    Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action.  The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that the class is manageable, particularly in light of the Settlement approved in this Order.

4

4.       In accord with the above findings, named Plaintiffs Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc., (collectively, "Plaintiffs"), are hereby appointed as representatives of the Settlement Class.

5.       Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby appointed as Co-Lead Counsel for the Settlement Class ("Settlement Class Counsel"):

KELLOGG, HUBER, HANSEN, TODD,        FINE, KAPLAN AND BLACK, R.P.C.
EVANS, & FIGEL, P.L.L.C.                        One South Broad St., 23rd Fl.
Sumner Square                                    Philadelphia, PA 19107
1615 M Street, N.W., Suite 400
Washington, DC 20036

6.       In accordance with the Preliminary Approval Order, notice of the proposed Settlement has been provided to the Settlement Class in the manner directed by the Court. *See* **[declaration of claims administrator or notice publisher]**.  Such notice to Settlement Class members is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto.

7.       This Order shall have no force or effect on the persons or entities, if any, who have validly and timely requested exclusion from the Settlement Class.  The only persons or entities that have requested exclusion from the Settlement Class are those listed on **[exhibit listing opt-outs]**.

8.      Due and adequate notice of the proceedings having been given to the Settlement

Class and a full opportunity having been offered to the Settlement Class to participate in the

Fairness Hearing, it is hereby determined that all Settlement Class members, except those who

have validly and timely requested exclusion from the Settlement Class, on behalf of themselves

and their respective past, present, direct and indirect parents, subsidiaries, affiliates, predecessors

and successors, and the past and present officers, directors, employees, agents, insurers,

attorneys, shareholders, joint ventures, partners, and representatives, as well as the predecessors,

successors, heirs, executors, administrators, and assigns of each of the foregoing ("Releasors")

have fully, finally, and forever released and discharged Settling Defendant, its past and present,

direct and indirect parents, subsidiaries, affiliates, predecessors and successors, and the past and

present officers, directors, employees, agents, insurers, attorneys, shareholders, joint ventures,

partners, and representatives, as well as the predecessors, successors, heirs, executors,

administrators, and assigns of each of the foregoing ("Released Parties") from all claims, actions,

causes of action, lawsuits, damages, liabilities, costs, expenses, whether class or individual in

nature, whether known or unknown, foreseen or unforeseen, existing in the past, existing in the

present or arising in the future, that were or could have been alleged in this Action ("Released

Claims").  Each Releasor shall not, hereafter, seek to establish liability against any Released

Party based in whole or in part on any Released Claims.

In addition, each Releasor has waived and released any and all provisions, rights, or

benefits conferred by section 1542 of the California Civil Code, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;*

6

and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims. Nevertheless, each Releasor has waived and fully, finally and forever settled and released, the Released Claims, whether any Released Claim is known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor further has waived and relinquished any and all rights and benefits existing under any law or principle of law in any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above without regard to the subsequent discovery or existence of other or different facts.

The Releases set forth herein shall not release any claims, whether pending or not, whether known or unknown, for product liability, personal injury, breach of warranty, breach of contract, nor shall they release claims under the Uniform Commercial Code or any other claims whatsoever that are not related to the subject matter of the Complaint.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the settlement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class members and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated, as it was the result of vigorous arm's length negotiations undertaken in good faith by counsel with significant experience litigating antitrust class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive

7

litigation. The Court gives weight to the parties' judgment that the settlement is fair and reasonable, as well as to the Settlement Class members' reaction to the settlement.

10.     **[To be included if attorneys' fees are requested.]** Settlement Class Counsel has moved for an award of attorneys' fees.  See **[fee petition, if any]** and **[declaration in support, if any]**.  After appropriate notice to the Settlement Class of the motion for attorneys' fees, and upon consideration of the motion and all related submissions and argument, and the response of the Settlement Class thereto; now therefore pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, this Court awards Settlement Class Counsel $_____ **[or ____% of the Settlement Fund]** as attorneys' fees, which this Court finds to be within the applicable range of reasonable percentage-of-the-fund awards. Settlement Co-Lead Counsel at their sole discretion shall allocate the fees and expenses among all of the Class Counsel. The fee award is supported, *inter alia*, by the following findings of fact and conclusions of law:  the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case; Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Class for several years, reasonably expending many thousands of hours, with no guarantee they would be compensated; the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy; and the Settlement was reached following negotiations held in good-faith and in the absence of collusion.

11.     Settlement Class Counsel has moved for reimbursement of litigation expenses out of the Settlement Fund.  After appropriate notice to the Settlement Class of the motion for reimbursement of litigation expenses, and upon consideration of the motion and all related submissions and argument, and the response of the Settlement Class thereto; now therefore pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, this Court awards

ME1 15130783v.1

Settlement Class Counsel $_____ out of the Settlement Fund to reimburse them for expenses incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair and reasonably incurred to achieve the benefits to the Settlement Class obtained in the Settlement, as well as the continued litigation of this Action against non-settling Defendants.

12.     By separate Order, the Court will consider any proposed plan of allocation and distribution of the Settlement Fund submitted by Settlement Class Counsel.

13.     The court finds that the Settlement Fund is a "qualified settlement fund" as defined in section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

   a.   The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

   b.   The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

   c.   The assets of the Settlement Fund are segregated from other assets of CMC, the transferor of payments to the Settlement Fund.

14.     Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that

   a.   The Settlement Fund met the requirements of paragraphs 13 (a) and (b) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

   b.   CMC and the Claims Administrator may jointly elect to treat the Settlement fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement fund met the requirements of paragraphs 13(a) and (b) of this Order or

9

January 1 of the calendar year in which all of the requirements of paragraph 13 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

15. This Order and the Settlement Agreement do not settle or compromise any claims by Plaintiffs or Settlement Class members against any party other than the Released Parties as defined in the Release. All rights of any Settlement Class member against any person or entity other than CMC and other Released Parties for sales made by CMC are specifically reserved by Plaintiffs and the Settlement Class members. CMC's sales of Steel Products in the United States shall remain the subject of damages and/or joint and several liability claims in the Action against defendants other than CMC, and/or against any future defendants other than CMC and the other Released Parties.

16. The Settlement Agreement and/or any act performed or document executed pursuant to the Settlement Agreement is not, may not be deemed, and may not be used in this Action or any other civil, criminal or administrative proceeding as evidence of, an admission of liability or wrongdoing on the part of any person or entity, including but not limited to Settling Defendant and other Released Parties.

17. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the litigation between Plaintiffs and defendants other than Settling Defendant; (c) the administration and enforcement of the Settlement Agreement; and (d) the administration and distribution of the Settlement Fund.

18. In the event the Settlement does not become Final in accordance with the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases

10

ME1 15130783v.1

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19.     The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against the Settling Defendant in this Action, allows consummation of the Settlement, and will expedite the reimbursement of expenses from the Settlement Fund.  In accordance with the terms of the Settlement Agreement, this Order is final and appealable.

20.     Terms Capitalized in this Order and not defined herein have the same meaning as those used in the Settlement Agreement.

SO ORDERED this the ___ day of _____, 2014.


_____
Honorable James B. Zagel
United States District Judge

11