# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

# If you bought Steel Products from one or more Defendants between April 1, 2005 and December 31, 2007, you may be affected by a Class Action Settlement.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Partial settlements have been reached in a class action lawsuit involving certain steel products ("Steel Products"). Defendants Commercial Metals Company ("CMC"), AK Steel Holding Corporation ("AK Steel"), and Gerdau Ameristeel Corporation ("Gerdau") (collectively, the "Settling Defendants"), will pay a total of approximately $15.9 million into a Settlement Fund.

- The lawsuit alleges that the Settling Defendants conspired with other Defendant steel manufacturers to manipulate the supply and price of Steel Products sold in the United States. Plaintiffs allege that Defendants conspired to restrict their output, therefore increasing the prices they were able to charge for Steel Products.

- The Settling Defendants deny the allegations against them, deny that they engaged in a conspiracy or did anything wrong, and have asserted a number of defenses, but they have nevertheless agreed to settle to avoid the cost of continued litigation and a trial.

- The litigation will continue against the other Defendants: ArcelorMittal, ArcelorMittal USA, Inc., United States Steel Corporation ("U.S. Steel"), Nucor Corporation ("Nucor"), Steel Dynamics, Inc., and SSAB Swedish Steel Corporation ("SSAB") (collectively the "Non-Settling Defendants").

- If you bought Steel Products directly from one or more of the Defendants for delivery in the United States between April 1, 2005 and December 31, 2007, you could be a Settlement Class Member. See Questions 5-6 for the complete class definition.

- If you are a Settlement Class member, your legal rights will be affected whether you act or you don't act. This notice includes information about the Settlements and the litigation. Please read the entire notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You do not have to take any action now to participate in the Settlements.  You will be eligible to submit a claim at a later date to receive money from the Settlements, and you will retain your rights in the continuing litigation against the Non-Settling Defendants.  See Questions 8-9 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENTS** | You will not be eligible for any benefits from the Settlements, but you will retain any rights you currently have to sue the Settling Defendants yourself about the claims in this case.  You also will retain your rights in the continuing litigation against the Non-Settling Defendants.  See Questions 10-14 below. |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court explaining why you don't like the Settlements. See Questions 15-16 below. |
| **GO TO THE FAIRNESS HEARING** | Ask to speak in Court about your opinion of the Settlements.  See Questions 20-22 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

# BASIC INFORMATION

## 1. What is this lawsuit about?

Eight steel manufacturers, ArcelorMittal, Nucor, U.S. Steel, Gerdau, AK Steel, Steel Dynamics, SSAB and CMC ("Defendants") were sued by several businesses ("Plaintiffs") who allege that the Defendants conspired, in violation of the U.S. antitrust laws, to restrict their output and therefore raise or "fix" the prices for Steel Products sold for delivery in the United States between April 1, 2005 and December 31, 2007 (the "Class Period").  The Plaintiffs are: Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc.

The Plaintiffs' lawsuits were consolidated into one lawsuit in the United States District Court for the Northern District of Illinois. The case is called *In re Steel Antitrust Litigation*, and the Court's file number is 08-cv-5214. The complaints allege that the Defendants violated the U.S. antitrust laws by conspiring to slow down their furnace production, thus restricting their output of raw steel and causing artificially higher prices for Steel Products.

The Defendants deny the allegations and believe they have full and complete defenses.  There has not yet been a determination of the merits of the case.

## 2. What is a class action?

The Plaintiffs have asked the Court to appoint them as the representatives of a class of all entities that purchased Steel Products (defined in Questions 5-6 below) during the Class Period.  In a Class Action, one or more people or businesses, called class representatives, sue on behalf of themselves and others who have similar claims.  All of those who have claims similar to the class representatives are class members, except for those who are excluded or who exclude themselves from the class (see Questions 5-6 and 10-14).  The Court has not yet decided whether to certify this lawsuit as a Class Action.

## 3. Why are there settlements?

Plaintiffs' Counsel have investigated the facts and law regarding the Plaintiffs' and Settlement Class's claims and the Settling Defendants' defenses.  The parties engaged in lengthy, detailed negotiations to reach these Settlements.  The Class Representatives and Plaintiffs' Counsel recommend the Settlements as being in the best interests of the Settlement Class.

The Settling Defendants (CMC, AK Steel and Gerdau) deny the allegations against them, deny that they engaged in a conspiracy or did anything wrong, and have asserted a number of defenses, but they have nevertheless agreed to settle to avoid the cost of further litigation and trial.

If the Settlements are approved, the Settling Defendants will no longer be Defendants in the lawsuit.  If the Settlements are not approved, the Settling Defendants will remain in the case and Plaintiffs will continue to pursue the claims asserted against them.

## 4. How do the Settlements affect the claims against the Non-Settling Defendants?

The Plaintiffs' claims against the Non-Settling Defendants (ArcelorMittal, US Steel, Nucor, Steel Dynamics and SSAB) will continue to be prepared for trial or other judicial resolution whether or not the Settlements are approved.

# WHO IS IN THE SETTLEMENTS?

## 5. How do I know if I am part of the Settlement Class?

The Settlement Class is defined to include:

All persons (excluding Defendants, their present and former parents, subsidiaries, affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel Products directly from any of the Defendants or their subsidiaries or controlled affiliates at any time between April 1, 2005 and December 31, 2007 (the "class period") for delivery in the United States.  For purposes

of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:

"**Steel Products**" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

"**Steel Products**" specifically **exclude** the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "**Purchased**" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

## 6. What does it mean to purchase "directly" from the Defendants?

The Settlement Class is limited to persons or entities that purchased "directly" from any of the Defendants at any time during the class period. A direct purchase is made directly from one or more of the Defendants themselves or their subsidiaries or controlled affiliates. A purchase from an intermediary, such as a distributor, is not a direct purchase.

## THE SETTLEMENT BENEFITS

## 7. What do the Settlements provide?

The Settling Defendants have agreed to pay a total of approximately $15.9 million for the benefit of the Settlement Class. Gerdau will pay $6,100,000; AK Steel will pay $5,800,000; and CMC will pay $3,999,999. This money will be put into a Settlement Fund to be distributed at a later time.

At this time, it is not known how much each Settlement Class Member will receive from the Settlements, or when payments will be made. At an appropriate time, possibly in conjunction with future settlements, Plaintiffs' Counsel will propose, subject to the Court's approval, a plan to allocate and distribute the Settlement Fund, net of the costs of notifying the class and administering the settlement, and any attorneys' fees and/or expense reimbursement awarded by the Court (see Question 18), among Settlement Class Members. It is common in cases like this

one for the proceeds of settlements to be distributed on a *pro rata* basis, by calculating and comparing the dollar amounts of claimants' purchases of affected products, or estimated overcharge amounts, or qualified claims. As part of the Court's later consideration of the proposed plan of allocation and distribution, Settlement Class Members will have an opportunity to comment on and/or object to the proposed plan.

**Please keep all documentation that shows your purchases of Steel Products during the relevant time period for use in filing a claim later. Having documentation may be important to filing a successful claim.**

Also as part of the Settlements, the three Settling Defendants will cooperate with Plaintiffs as they continue to prosecute this lawsuit against the five Non-Settling Defendants.

## REMAINING IN THE SETTLEMENT CLASS

### 8. How do I remain in the Settlement Class?

If you qualify as a Settlement Class member, you don't need to do anything to remain a member of the Settlement Class. By staying in the Settlement Class, you will remain eligible to submit a claim at a later date to receive money from the Settlements, and you will retain your rights in the continuing litigation against the Non-Settling Defendants.

### 9. If I remain in the Settlement Class, what am I giving up?

If the Settlements are approved and become final, you will give up your right to sue the Settling Defendants over the matters at issue in this lawsuit. The specific claims you are giving up against the Settling Defendants and their affiliates are described in the Settlement Agreements. Unless you exclude yourself, you are "releasing" those claims, whether or not you later submit a claim. The three Settlement Agreements are available at www.SteelAntitrustSettlement.com or by contacting the Class Administrator as directed below. The specific claims you are releasing are described in Paragraph 12 of each of the Settlement Agreements.

By remaining in the Settlement Class, you do not give up any of your rights as against the Non-Settling Defendants.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

### 10. What if I don't want to be in the Settlement Class?

If you decide to exclude yourself from, or "opt out" of, the Settlement Class, you will be free to sue the Settling Defendants on your own for the claims being resolved by these Settlements. However, you will not receive any money from the Settlements, and Plaintiffs' Counsel will no longer represent you with respect to any claims against the Settling Defendants. [Plaintiffs' Counsel will, however, continue to represent you in the continuing litigation against the Non-Settling Defendants.] If you want to receive money from the Settlements, do not exclude yourself.

**11. How do I exclude myself from the Class?**

You can exclude yourself, or "opt out," by sending a written "Request to Opt Out" to the Settlement Administrator so that it is postmarked no later than _____.  Your written request must include:

- Your name, address, telephone number, and e-mail address.

- All trade names or business names and addresses used by you or your business, as well as any parents, subsidiaries, or affiliates that directly purchased Steel Products from any of the Defendants at any time between April 1, 2005 and December 31, 2007.

- A signed statement that, "I/we hereby request that I/we be excluded from the proposed Settlement[s] with CMC, AK Steel and Gerdau [choose one, two or all three] in *In re Steel Antitrust Litigation,* No. 08-5214 (N.D. Ill.)."

- The case name and number:  *In re Steel Antitrust Litigation,* No. 08-5214.

You must mail your exclusion request, postmarked no later than _____, to:

Settlement Class Administrator:
Steel Antitrust Litigation
c/o GCG
P.O. Box 9349
Dublin, OH  43017-4249

**12. If I don't exclude myself from the Settlement Class, can I sue the Settling Defendants for the same thing later?**

Unless you exclude yourself, you give up the right to sue the Settling Defendants about the issues in this lawsuit.  You give up this right even if later you don't submit a claim and don't receive the monetary benefits of the Settlements.  You must exclude yourself from the Class in order to sue a Settling Defendant separately.

You will have no right to object to the Settlements if you exclude yourself from the Settlement Class.

If you elect to stay in the Settlement Class, you need not do anything now.

These Settlements have no effect on your ability to sue the Non-Settling Defendants separately.

**13. If I exclude myself from the Settlement Class, can I still get a benefit from the Settlements?**

No. You will not get any monetary benefits from the Settlements if you exclude yourself from the Settlements.

**14. If I exclude myself from the Settlements, can I change my mind later?**

No. Unless the Court approves a special request, once you exclude yourself, you may not participate in the Settlements.

## OBJECTING TO THE SETTLEMENTS

**15. How do I tell the Court that I don't like the Settlements?**

If you are a member of the Settlement Class, and if you do not exclude yourself from the Settlement Class, you may object to all or part of the Settlements or Plaintiffs' Counsel's request for reimbursement of expenses.

To object, you must send a letter that includes the following:

- Your name, address, telephone number, and e-mail address.

- A statement saying that you object to one or more of the Settlements (and identifying which one[s]), and/or the request for reimbursement of expenses, in *In re Steel Antitrust Litigation*, No. 08-cv-5214 (N.D. Ill.).

- Proof of your membership in the Settlement Class.

- The reasons you object to the Settlement[s] along with any supporting materials, including any legal support and any evidence to support your objection.

- Your signature.

You must submit your objection, no later than _____, to each of the following addresses:

| Clerk of Court | Plaintiffs' Counsel: |
|---|---|
| United States District Court for the Northern District of Illinois | |
| Everett McKinley Dirksen | **FINE, KAPLAN AND BLACK, R.P.C.** |
| United States Courthouse | Attn: Jeffrey S. Istvan |
| 219 South Dearborn Street | One South Broad Street, 23rd Floor |
| Chicago, IL 60604 | Philadelphia, PA 19107 |

**KELLOGG, HUBER, HANSEN,**
**TODD, EVANS & FIGEL, P.L.L.C.**
Attn:  Michael J. Guzman
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036

If by the _____ deadline you do not object to the Settlements or Plaintiffs' Counsel's request for reimbursement of expenses as instructed above, you will be deemed to have waived your right to object.

| **16. What's the difference between objecting and opting out?** |
| --- |

Objecting is simply telling the Court that you don't like something about a Settlement.  You can object to a Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement.  Excluding yourself from a Settlement is telling the Court that you don't want to be a part of the Settlement or the Settlement Class.  If you exclude yourself from a Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **17. Do I have a lawyer in this case?** |
| --- |

The Court has appointed the firms listed below ("Plaintiffs' Counsel") as Interim Co-Lead Class Counsel in this case:

| **FINE, KAPLAN AND BLACK, R.P.C.**<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107 | **KELLOGG, HUBER, HANSEN,**<br>    **TODD, EVANS & FIGEL, P.L.L.C.**<br>Sumner Square<br>1615 M Street, NW, Suite 400<br>Washington, DC 2003 |
| --- | --- |

Plaintiffs' Counsel will represent you and other members of the Settlement Class.  You will not be charged for these lawyers.  They will be paid by asking the Court at a later time for a share of the settlement proceeds or recovery obtained.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **18. How will the lawyers be paid?** |
| --- |

The Court will decide how much Plaintiffs' Counsel will be paid. Plaintiffs' Counsel do not intend to submit a request for attorneys' fees at this time.  They do intend to submit a request for reimbursement from the Settlement Funds of out-of-pocket costs they have incurred in prosecuting this case on behalf of the Class, not to exceed $5.5 million.  These costs consist

primarily of expert witness fees, expenses incurred in taking depositions and conducting discovery (primarily electronic discovery), hearing expenses, and other like expenses. At a later time, perhaps in conjunction with future settlements, Plaintiffs' Counsel may file a petition for attorneys' fees and/or reimbursement of further expenses from the proceeds of these Settlements.

### 19. Should I get my own lawyer?

You do not need to hire your own lawyer, but if you hire a lawyer to speak for you or appear in Court, your lawyer must file a Notice of Appearance (see Question 22). If you hire your own lawyer, you will have to pay for that lawyer at your own expense.

## THE COURT'S FINAL APPROVAL HEARING

### 20. When and where will the Court decide whether to approve the Settlements?

The Court will hold a Final Approval Hearing at _____ [a.m./p.m.] on _____, 2014, in Courtroom 2503, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The hearing may be moved to a different date or time without additional notice, so please check www.SteelAntitrustSettlement.com for any schedule updates.

At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. The Court also will consider Plaintiffs' Counsel's request for reimbursement of litigation expenses. If there are objections, the Court will consider them at that time.

At or after the hearing, the Court will decide whether to approve the Settlements and the request for reimbursement of litigation expenses. The Court's decision may be appealed.

### 21. Do I have to come to the Final Approval Hearing?

No. Attendance is not required. Plaintiffs' Counsel is prepared to answer questions on your behalf. If you send an objection, you don't have to come to Court to talk about it. Class members who objected may (but do not have to) appear at the Final Approval Hearing, in person or through an attorney hired at their own expense.

### 22. May I come to the Final Approval Hearing?

Yes, anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person or through an attorney hired at your own expense, you need to mail a written Notice of Intent to Appear to the three addresses listed in Question 15 by _____, 2014. The Notice of Intent to Appear must contain the following information:

- The name, address, telephone number and email address of the Class Member and, if applicable, the name, address and telephone number of the Class Member's attorney (who must file a Notice of Appearance with the Court);

- The objection, including any supporting papers, and;

- The name and address of any witnesses to be presented at the Final Approval Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

## GETTING MORE INFORMATION

| **23. How do I get more information?** |
| --- |

This Notice summarizes the Settlements. More details are in the Settlement Agreements. You can get complete copies of the Settlement Agreements at www.SteelAntitrustSettlement.com. You may also write to the Settlement Administrator at the address in Question 11, or call the Settlement Administrator at 1-800-231-1815.
If you did not receive this Notice in the mail from the Settlement Administrator, you can contact the Settlement Administrator and register to receive future information.

Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the Clerk's office. The address is United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604.

*Please do not contact the Court or the Judge.*