UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: STEEL ANTITRUST LITIGATION | Case No. 08-cv-5214 |
| | Honorable James B. Zagel |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS: | |
| *Standard Iron Works v. ArcelorMittal, et al.,* Case No. 08-cv-5214 | |
| *Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.,* Case No. 08-cv-5371 | |
| *Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.,* Case No. 08-cv-5633 | |
| *Alco Industries, Inc. v. ArcelorMittal, et al.,* Case No. 08-cv-6197 | |
| *Gulf Stream Builders Supply, Inc. v. ArcelorMital, et al.,* Case No. 10-cv-4236 | |

ORDER PRELIMINARILY APPROVING
SETTLEMENTS WITH COMMERCIAL METALS COMPANY[1], AK STEEL
HOLDING CORPORATION AND GERDAU AMERISTEEL CORPORATION,
CONDITIONALLY CERTIFYING SETTLEMENT CLASS,
AND APPROVING NOTICES AND NOTICE PLAN

Upon consideration of (i) Plaintiffs' unopposed Motion for Preliminary Approval of Settlements with Commercial Metals Company ("CMC"), AK Steel Holding Corporation ("AK Steel") and Gerdau Ameristeel Corporation ("Gerdau") (the "Motion"), (ii) the Memorandum

---

[1] Commercial Metals Company is improperly named as "Commercial Metals, Inc." in the caption of the Complaint but is otherwise correctly named in the body of the Complaint.

{00047039;2} 1

of Law in support of the Motion (the "Brief"), (iii) the Settlement Agreements dated March 10, 2014 (CMC) and April 1, 2014 (AK Steel and Gerdau), attached as Exhibits 1-3 to the Brief, (iv) the proposed Notice and Summary Notice (Exhibits 4-5 to the Brief) and the Notice Plan contained within the Brief (collectively, the "Settlement Documents"), and (v) the oral arguments of the Parties, if any; and for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Motion is GRANTED as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this Action and over all the parties.

## II. Certification of the Proposed Settlement Class

2. The Court makes the following preliminary determinations as required by Rule 23 in light of the proposed settlement:

    a. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court preliminarily certifies the following Settlement Class:

> All persons (excluding Defendants, their present and former parents, subsidiaries, affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel Products directly from any of the defendants in *Standard Iron Works v. ArcelorMittal, et al.*, Case No. 08-C-5214, or their subsidiaries or controlled affiliates at any time between April 1, 2005 and December 31, 2007 ("the Settlement Class Period") for delivery in the United States.
>
> For purposes of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:
>
> "Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.
>
> "Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or

copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

*See* Settlement Agreement ¶ 1.

      b.      Pursuant to Rule 23(a)(1), the Court preliminarily determines that the members of the Settlement Class are ascertainable from the reasonably accessible records available to Class Counsel and Defendants and that members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

      c.      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court preliminarily determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class, including whether Defendants violated federal antitrust law by allegedly engaging in coordinated production cuts in order to raise, maintain or stabilize prices above competitive levels with respect to Steel Products.

      d.      Named Plaintiffs Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc. (collectively, "Plaintiffs"), are hereby conditionally appointed as representatives of the Settlement Class, for the following reasons:

            i.      Pursuant to Rule 23(a)(3), the Court preliminarily determines that the Plaintiffs' claims are typical of the claims of the proposed Settlement Class. Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class; and

  ii. Pursuant to Rule 23(a)(4), the Court preliminarily determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs' interests do not conflict with the interests of absent members of the Class. All of the Settlement Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out will be given an opportunity to do so. Furthermore, Plaintiffs have demonstrated the ability and incentive to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action.

 e. Pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of the proposed Settlements, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses involved, the issues in this Action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

 f. Also pursuant to Rule 23(b)(3), the Court preliminarily determines that, in connection with and in light of the proposed Settlements, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that the class is manageable in light of the Settlements preliminarily approved in this Order.

 g. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby conditionally appointed as Co-Lead Counsel for the Settlement Class ("Class Counsel"):

KELLOGG, HUBER, HANSEN, TODD,
EVANS, & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036

FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Fl.
Philadelphia, PA 19107

### III. <u>Preliminary Approval of the Proposed Settlements</u>

3. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlements – which include, *inter alia*, cash payments totaling approximately $15.9 million by CMC ($3,999,999), AK Steel ($5,800,000) and Gerdau ($6,100,000) (collectively the "Settling Defendants") for the benefit of the Settlement Class, in exchange for, *inter alia*, dismissal of the litigation with prejudice and releases of claims by Plaintiffs and the Settlement Class as set forth in the Settlement Agreements – were arrived at by good faith arm's-length negotiations by highly experienced counsel, after years of litigation, and upon a developed litigation record. The Settlements fall within the range of reasonable and possibly approvable settlements, and are hereby preliminarily approved, subject to further consideration at the Fairness Hearing described below.

### IV. <u>Approval of the Plan of Notice to the Settlement Class</u>

4. The proposed forms of notice to Settlement Class Members of the pendency of this Class Action and the proposed Settlements thereof, including the Notice and the Summary Notice (the "Notices"), and the proposed methods of notice dissemination described in the Preliminary Approval Brief (the "Notice Plan") satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process of law, are otherwise fair and reasonable, and therefore are approved.

## V. Appointment of the Settlement Administrator

5. The Court appoints The Garden City Group, Inc. to serve as the Settlement Administrator to assist Class Counsel in disseminating the notice and, if applicable, with administering class member claims, distributing Notices and claim forms, and doing all that is reasonably necessary to administer the Settlement. In accordance with the Settlement Agreements, Class Counsel shall submit to the Court for approval all reasonable expenses incurred by the Settlement Administrator to be paid out of the Settlement Fund.

## VI. The Settlement Schedule and the Final Fairness Hearing

6. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on July 10, 2014, at 12:00 p.m. in Courtroom 2503, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At the Fairness Hearing, the Court will consider, *inter alia*:

   a. whether the Settlement Class meets the requirements for final certification for settlement purposes under Fed. R. Civ. P. 23;

   b. the fairness, reasonableness and adequacy of the Settlements and whether the Settlements should be finally approved;

   c. whether the Notices and Notice Plan satisfied the requirements of Fed. R. Civ. P. 23 and due process;

   d. whether the Court should award attorneys' fees (if applied for) and approve reimbursement of expenses to Class Counsel, and in what amount(s);

   e. whether the Court should approve a proposed plan of allocation and distribution of settlement proceeds, if one is submitted; and

  f. whether entry of a final judgment terminating this litigation with respect to CMC, AK Steel and Gerdau should be entered.

The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the settlement website.

  7. Class Counsel and the Settlement Administrator shall provide notice to the Settlement Class substantially in accordance with the forms and schedule set forth in the Notice Plan.

  8. Any request for exclusion from the Settlement Class must be delivered to the Settlement Administrator on or before June 16, 2014. All requests for exclusion must be in writing and include: (i) the Settlement Class member's name, mailing address, email address and telephone number; (ii) a request to opt out of the Settlement(s) and identifying which one(s); (iii) the case name and number: *In re Steel Antitrust Litigation*, Case No. 08-cv-5214, United States District Court for the Northern District of Illinois, Eastern Division (Judge Zagel); and (iv) a statement of all trade or business names and addresses used by the requestor, as well as any parents, subsidiaries, or affiliates that directly purchased Steel Products from any of the Defendants during the Settlement Class Period.

  9. Any Objection to the Settlements or Class Counsel's expense petition (or, if filed, Class Counsel's fee petition or proposed plan of allocation and distribution) shall be filed in this Court (directed to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604), and served via U.S. Mail on Class Counsel, on or before June 16, 2014. Any such Objection shall include: (i) the Settlement Class member's name,

mailing address, email address and telephone number; (ii) a statement saying that the Settlement Class member objects to one or more of the Settlements or petitions and identifying which one(s); (iii) the case name and number: *In re Steel Antitrust Litigation*, Case No. 08-cv-5214, United States District Court for the Northern District of Illinois, Eastern Division (Judge Zagel); (iv) a statement certifying membership in the Settlement Class; and (v) a statement of the reasons for the objection and any legal or evidentiary supporting materials.

10. Any Settlement Class member who wishes to appear in person and object at the Fairness Hearing must file a Notice of Intent to Appear, and serve it on Class Counsel, on or before June 16, 2014. Any Notice of Intent to Appear shall include: (i) the Settlement Class member's (and, if applicable, the Settlement Class member's attorney's) name, mailing address, email address and telephone number; (ii) the objection, including any supporting papers; and (iii) the name and address of any witnesses to be presented at the Final Approval Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

11. All persons and entities who fail to file an Objection and/or Notice of Intent to Appear as provided above shall be deemed to have waived any objections and will not be heard at the Fairness Hearing.

12. Plaintiffs' motion for final settlement approval, an affidavit of compliance with the Notice Plan, any motions for attorneys' fees and/or reimbursement of expenses, and any proposed plan of allocation and distribution that Class Counsel wish to be considered at the Fairness Hearing, shall be filed within seven (7) days of the Fairness Hearing and shall be posted on the settlement website in accordance with the Notice Plan.

VII.     **Administrative Matters**

13.     The pendency of the proposed Settlements shall not affect the litigation schedule in this matter in any way; provided, however, that all deadlines as against Settling Defendants are suspended. In the event that one or more of the Settlements does not become final, the Parties to such Settlement(s) will return to litigation of this Action as if such Settlement(s) had never happened, with the Parties to such Settlement(s) bound by all Orders of the Court regardless of the date of entry, and the applicable Settlement Agreement(s), Settlement(s), and all related proceedings shall, except as expressly provided to the contrary in the applicable Settlement Agreement(s), become null and void, and shall have no further force and effect; Plaintiffs and the Settlement Class shall retain full rights to assert any and all causes of action against the applicable Defendant(s) and any applicable Released Party (as that term is defined in the applicable Settlement Agreement(s)), and the applicable Defendant(s) and any applicable Released Party shall retain any and all defenses and counterclaims thereto.

14.     Any capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreements.

SO ORDERED this 11th day of April, 2014.

_____
Honorable James B. Zagel
United States District Judge