# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
In re: RELAFEN ANTITRUST LITIGATION         :   MASTER FILE
                                            :   NO. 01-12239-WGY
------------------------------------------------------------x
THIS DOCUMENT RELATES TO:                   :
                                            :
*Louisiana Wholesale Drug Co., Inc., v.*    :
*Smithkline Beecham Corporation, d/b/a*     :
*GlaxoSmithKline, and Smithkline Beecham PLC,* :
No. 02-11242; *Meijer, Inc., v. Smithkline Beecham* :
*PLC, et al.*, No. 01-12239.                :
                                            :
------------------------------------------------------------x

## [PROPOSED] ORDER AND FINAL JUDGMENT

This Court, having considered (a) Direct Purchaser Class Plaintiff's Motion for Approval of the Settlement Agreement between Direct Purchaser Class Plaintiff Louisiana Wholesale Drug Co., Inc. ("Louisiana Wholesale" Or "Plaintiff"), and defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline and SmithKline Beecham PLC (collectively, "GSK" and/or "Defendants"); (b) the proposed Plan of Allocation; and (c) Class Counsel's Motion for Attorney Fees, Reimbursement of Expenses and an Incentive Award For the Named Plaintiff; and having held a hearing on April 9, 2004; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Class Actions and over all parties to the Class Actions, including all Class members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Class as follows:

> All persons or entities in the United States or its territories who purchased Relafen® directly from SmithKline Beecham Corporation d/b/a GlaxoSmithKline and/or GlaxoSmithKline, PLC (collectively the "defendants" or "SmithKline") at any time during the period of September 1, 1998 through December 31, 2002.

The Class excludes governmental entities, and the defendants and their officers, directors, management, employees, subsidiaries, and affiliates. Also excluded from the Class are the claims brought by and/or assigned to entities which already independently sued GSK in the actions styled *CVS Meridian, Inc., and Rite Aid Corp., v. SmithKline Beecham Corp., et al.*, No. 03-10040-WGY and *Walgreen Co., et al., v. SmithKline Beecham Corp., et al.*, No. 02-10588-WGY ("the *CVS* and *Walgreen* Actions"). It also excludes parties who purchased Relafen® during this period but only from sources other than the defendants, such as from wholesalers or retailers.

4. Notice of the Settlement has been given to the Class in an adequate and sufficient manner, constituting the best notice practicable, and complying in all respects with Rule 23 of the Federal Rules of Civil Procedure and due process.

5. No entities other than the plaintiffs in the *CVS* and *Walgreen* Actions have excluded themselves from the Class and for whom this order and judgment has no force and effect.

6. Pursuant to Rule 23, the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement (the "Settlement") and finds that the Settlement, the Settlement Agreement, and Plan of Allocation, are, in all respects fair, reasonable and adequate, and in the best interests of the Class. The Court further approves the establishment of the Settlement Fund upon the terms and conditions set forth in the Settlement Agreement and the Escrow

Agreement. The Parties are hereby directed to carry out the Settlement in accordance with its terms and provisions.

7.      The Class Actions are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

8.      (a) Upon the Settlement becoming final according to the provisions of paragraph 5 of the Settlement Agreement, Defendants and their present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents, attorneys and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiff or any member or members of the Class who have not timely excluded themselves from the Class Actions (as used throughout this paragraph, references to the "Class," "members of the Class" or "Class members" includes any of their past, present or future officers, directors, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising out of any conduct, events or transactions, prior to the date hereof, alleged or which could have been alleged in the Class Actions relating to the marketing, sale, manufacture, pricing or purchase of, or the enforcement of intellectual

property related to, the drug Relafen® or any form of nabumetone (the "Released Claims"). No Class member shall hereafter, seek to establish liability against any Released Party based, in whole or in part, on any of the Released Claims.

(b) In addition, each Class member hereby expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights, benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of this paragraph whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against Defendants under § 17200, *et seq.*, of the California Business and Professions Code, which claims are expressly incorporated into this paragraph.

(c) Notwithstanding the above provisions of this paragraph, the Class members are releasing only the Released Parties that such Class members have released pursuant to this paragraph, and the Class members are not releasing or otherwise affecting in any way any rights a

Class member has or may have against any other party or entity whatsoever other than the Released Parties with respect to the Released Claims pursuant to this paragraph. In addition, the releases set forth in this paragraph shall not release any claims arising in the ordinary course of business between Class members and the Released Parties concerning product liability, breach of contract, breach of warranty, or personal injury.

9. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Settlement Fund are segregated from other assets of GSK, the transferor of payments to the Settlement Fund.

10. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Settlement Fund met the requirements of paragraphs (9)(b) and (9)(c) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) GSK and the Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund

met the requirements of paragraphs (9)(b) and (9)(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph (9) of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

11. Nothing in this Order or the Settlement Agreement, shall be construed as an admission in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, by Defendants including, without limitation, that Defendants have engaged in any conduct or practices that violate any antitrust statute or other law.

12. Class Counsel has moved pursuant to Rules 23(h), 54(d) and 52(a) of the Federal Rules of Civil Procedure for an award of attorney fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52 (a) this Court makes the following findings of fact and conclusions of law:

    (a) that the Settlement confers a substantial benefit on the Class;

    (b) that the value conferred on the Class is immediate and readily quantifiable, upon this Judgment becoming final, each Class member will receive a substantial cash payment that represents a significant portion of the total overcharge allegedly incurred as a result of Defendants' conduct;

    (c) that Class Counsel vigorously and effectively pursued the Class members' claims before this Court in this highly complex case;

    (d) that the Settlement was obtained as a direct result of Class Counsel's skillful advocacy;

(e) that the Settlement was reached following a mediation presided over by the Honorable A. David Mazzone, and was negotiated in good-faith and in the absence of collusion;

(f) that during the prosecution of these Class Actions, Class Counsel incurred expenses in the amount of $ _1,799,023.24_ which included costs for expert witnesses and other expenses which I find to be reasonable and necessary to the representation of the Class and reasonable;

(g) that Class members were advised in the "Notice of Proposed Settlement of Class Action, Class Counsel's Motion for Attorneys' Fees, and Hearing Regarding Settlement" approved by this Court that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33⅓% of the Settlement Fund (plus interest thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action.

(h) that no member of the Class, which is composed of less than 70 business entities, has objected to the award of attorneys' fees or expenses;

(i) that counsel who recover a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Blum v. Stenson, 465 U.S. 866, 900 n.16 (1984);

(j) that use of the percentage of fund method in common fund cases is the "prevailing praxis" in this Circuit for awarding attorneys' fees and permits the Court to focus on a showing that the fund conferring a benefit on the class resulted from the lawyers efforts. In re Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295 (1st Cir. 1995); and

(k) that the requested 33 1/3 percent fee award is well within the applicable range

of percentage fund awards; <u>Mowbray v. Waste Management Holdings</u>, C.A. No. 98-11534-WGY (D. Mass. August 2, 2001); <u>In re Copley Pharmaceutical, Inc. Sec. Litig.</u>, C.A. No. 94-11897-WGY (D. Mass. Feb. 8, 1996); <u>Wilensky v. Digital Equipment Corp.</u>, C.A. No. 94-10752-JLT (D. Mass. July 11, 2001).

Accordingly, Direct Purchaser Plaintiff's Class Counsel are hereby awarded $ 58,333,333.00 from the Settlement Fund as their fee award which the Court finds to be fair and reasonable, and which amount shall be paid to Direct Purchaser Plaintiff's Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement, with interest from January 13, 2004 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. Further, Direct Purchaser Plaintiff's Class Counsel are hereby awarded $ 1,799,023.24 of the Settlement Fund for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Direct Purchaser Plaintiff's Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. The award of attorneys' fees and expenses shall be allocated among Direct Purchaser Plaintiff's Class Counsel, by Direct Purchaser Plaintiff's Co-Lead Counsel.

13. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including the administration and consummation of the Settlement Agreement and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of Massachusetts, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of

this Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein.

14. Plaintiff Louisiana Wholesale is provided with an incentive award for representing the Class of $ _25,000.00_ , which amount is in addition to whatever monies Plaintiff will receive from the Settlement Fund pursuant to the Plan of Allocation.

15. In the event the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the plaintiffs and the Class against the Defendants in this Action, it allows consummation of the Settlement, and it will expedite the distribution of the Settlement proceeds to the Class members.

DATED: _April 9 2004_

_/s/ William G. Young_
Hon. William G. Young
Chief Judge