**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: STEEL ANTITRUST LITIGATION | Case No. 08-cv-5214 |
| | Honorable James B. Zagel |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS: | |
| *Standard Iron Works v. ArcelorMittal, et al.*, Case No. 08-cv-5214 | **GENERAL MOTORS LLC'S UNOPPOSED MOTION TO WITHDRAW REQUEST FOR EXCLUSION FROM DIRECT PURCHASER CLASS AND TO JOIN CERTAIN CLASS SETTLEMENTS** |
| *Wilmington Steel Processing Co., Inc. v. ArecelorMittal, et all,* Case No. 08-cv-5371 | |
| *Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.*, Case No. 08-cv-5633 | |
| *Alco Industries, Inc. v. ArcelorMittal, et al.*, Case No. 08-cv-6197 | |
| *Gulf Stream Builders Supply, Inc. v. ArcelorMittal, et al.*, Case No. 10-cv-4236 | |

**GENERAL MOTORS LLC'S UNOPPOSED MOTION TO WITHDRAW REQUEST
FOR EXCLUSION FROM DIRECT PURCHASER CLASS AND TO JOIN CERTAIN
CLASS SETTLEMENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

INTRODUCTION

General Motors LLC ("GM") seeks to streamline this litigation by including its claims in the settlement class, thus avoiding additional costly opt out actions against the Defendants. The Court should grant GM's Motion to Withdraw its Request for Exclusion from the class settlements with Commercial Metals Company ("CMC"), AK Steel Holding Corporation ("AK Steel"), and Gerdau Ameristeel Corporation ("Gerdau") because neither Defendants nor class members will be prejudiced and Defendants and class members have consented to GM's motion. By granting this motion, the Court will allow the parties to avoid further costly litigation and will eliminate from the Court's docket future litigation in this action.

On June 10, 2014, on behalf of itself and its affiliates and predecessors, General Motors LLC (collectively, "GM") sent a letter to the Settlement Administrator requesting exclusion from the CMC, AK Steel, and Gerdau class settlements.[1] [Ex. A] After fully investigating its purchases of Steel Products, and continuously assessing its options in the best interests of its shareholders, GM has determined that the settlements achieved by direct class counsel from CMC, AK Steel, and Gerdau for the direct purchaser class are fair and reasonable. Accordingly, GM seeks to participate in these settlements as a class member, having determined that it does not wish to engage in a separate litigation with all named Defendants. GM is now prepared to file a claim with the rest of the class members. Therefore, GM is requesting that the Court allow it to withdraw its request for exclusion from the CMC, AK Steel, and Gerdau class settlements and participate in the class settlements.

As the Court is aware, there has been no distribution of the settlement proceeds and the

---

[1] GM has not requested exclusion from any other class settlements in this action.

entire amount of the settlement remains in the Net Settlement Fund, which includes the settlement proceeds and interest, for distribution to the Direct Purchaser Class. Because the settlement fund has not yet been distributed to class members, there is no harm in allowing GM to withdraw its request for exclusion from the CMC, AK Steel, and Gerdau class settlements.

If GM's motion is denied, GM is prepared to file its own opt-out suit against the Defendants, thereby consuming more Court resources and requiring the parties to expend more resources litigating a separate action. However, those expenses can be avoided if the Court utilizes its equitable powers to allow GM to participate in the class settlements with CMC, AK Steel, and Gerdau.

## ARGUMENT

In class actions, the Court retains its equitable powers when settlement funds have not yet been distributed. *Zients v. Lamorte*, 459 F.2d 628, 630 (2d Cir. 1972). Courts have consistently used their equitable powers to permit parties to withdraw requests to opt out of class action settlements. *In re Electric Weld Steel Tubing Antitrust Litig.*, No. 81-4737, 1982 U.S. Dist. LEXIS 14069, at *8 (E.D. Pa. June 30, 1982). A "claim for inclusion in an opt-in class action lacks the potentially detrimental effect on the process of settlement from which a claim for exclusion from an opt-out class action suffers." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 326 (3d Cir. 2001). Courts have granted requests to rejoin a class when there is no prejudice to the defendants or other class members. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) ("Although it would be peculiar for an opt-out to seek to opt back in, this is occasionally sought and allowed.")

Here, there is no prejudice to the Defendants or class members if GM rejoins the class. Defendants would in fact be prejudiced if GM does not reenter the class, as GM would then be

forced to relitigate the same issues against Defendants in a separate lawsuit, exposing them to additional costs and damages. Moreover, inclusion of GM will have no effect on the amount the Defendants will pay to the settlement class. *See In re Orthopedic Bone Screw*, 246 F.3d at 323. Nor is there prejudice for the other class members. No other class member relied on GM's decision to opt out of the CMC, AK Steel, and Gerdau class settlements. As the court in *In re Elec. Carbon Prods. Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006), explained: "[i]t cannot be said that any class member relied, to its detriment, on the [opt in plaintiffs'] original decision to opt out, since that development was contemporaneous with all other decisions and could not have been a factor in the decision of any particular class members to participate." Similarly, there is no prejudice when the settlement funds are to be distributed in a pro rata share, like here, because "the remaining members would receive no less in settlement than they would have received if the party had never opted out." *In re Urethane Antitrust Litig*., No. 04–MD–1616–JWL, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008); *see In re Static Random Access Memory (SRAM) Antitrust Litig.*, 07-MD-1819 CW, 2013 WL 1222690 (N.D. Cal. Mar. 25, 2013); *see also In re "Agent Orange" Prod. Liab. Litig.*, 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988) (finding that the plaintiffs who had filed timely claims had no justifiable expectation in any particular pay-out). In essence, "the loss of a windfall [for class plaintiffs] is not prejudicial." *In re Orthopedic Bone Screw*, 246 F.3d at 324 (citation omitted).[2]

The policy behind Fed. R. Civ. P. 23 further supports GM's Motion. "The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal

---

[2] While the amount of GM's purchases are sizeable and meaningful to GM, given the size of the entire Steel Products market during the class period and the amount of claims that will likely be submitted, GM's claim is not likely to materially alter the distributions. Furthermore, since the other class members had to expect that all direct purchasers would file claims, their interests will not be prejudiced with the minimal change in distributions.

issues." *In re Electric Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *2. Allowing GM to reenter the settlement class would "avoid needless relitigation." *Id.* at *3.

GM has contacted class counsel and counsel for the named Defendants and the parties are in agreement that this motion should be granted.

## CONCLUSION

For these reasons, GM respectfully requests that the Court allow it to withdraw its exclusion from the CMC, AK Steel, and Gerdau class settlements and rejoin in the class settlements.

Dated: October 9, 2014                    Respectfully submitted,

By:      */s/ James E. Kellett*
James E. Kellett
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
Tel:    212-223-4000
Fax:    212-223-4134
E-mail: jkellett@crowell.com

Daniel A. Sasse (pro hac vice pending)
Deborah E. Arbabi (pro hac vice pending)
Chahira Solh (pro hac vice pending)
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Tel:    949-263-8400
Fax:    949-263-8414
Email: dsasse@crowell.com
           darbabi@crowell.com
           csolh@crowell.com

Attorneys for Claimant General Motors LLC

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of October, 2014, a true and correct copy of the foregoing **GENERAL MOTORS LLC'S UNOPPOSED MOTION TO WITHDRAW REQUEST FOR EXCLUSION FROM DIRECT PURCHASER CLASS AND TO JOIN CERTAIN CLASS SETTLEMENTS** was served electronically by U.S. District Court CM/ECF e-filing system.

*/s/ James E. Kellett*
James E. Kellett