UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANDARD IRON WORKS, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARCELORMITTAL; ARCELORMITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL CORPORATION; STEEL DYNAMICS, INC.; AK STEEL HOLDING CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS, INC.,<br><br>Defendants. | Case No. 08 C 5214<br><br>Judge James B. Zagel |

**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES TO CLASS COUNSEL FROM THE COMMON SETTLEMENT FUNDS, AND APPROVING PLAN OF ALLOCATION AND DISTRIBUTION**

The Court, having considered Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and the Memorandum of Law and exhibits in support thereof (Dkt. No. 519); having held hearings on October 17, 2014 and October 21, 2014 concerning final settlement approval, attorneys' fees and other related issues; and having considered all of the submissions and arguments with respect thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure it is hereby ORDERED, ADJUDGED AND DECREED that Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses is GRANTED as follows:

1.     Settlement Class Counsel have moved for attorneys' fees and reimbursement of litigation expenses out of the total common settlement funds in this litigation. As a result of the Settlements with ArcelorMittal and U. S. Steel, and prior settlements with Defendants Commercial Metals, AK Steel, and Gerdau Ameristeel, Class Counsel has secured a total common fund recovery of $163.9 million for the benefit of the Settlement Class.

2.     After two appropriate notices to the Settlement Class of their intention to seek up to one-third of the total common settlement fund as attorneys' fees and to seek reimbursement of litigation expenses, and after a third notice to the Class providing a third opportunity to object to Class Counsel's motion for attorneys' fees after that motion was filed, and upon consideration of the motion and all related submissions and argument, and the response of the Settlement Class thereto; now therefore pursuant to Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure, this Court awards Settlement Class Counsel 33% of the total Settlement Fund (*i.e.*, 33% of the sum of all five settlements obtained to date) as a fair and reasonable attorneys' fee.

3.     The Court finds that a 33% fee comports with the prevailing market rate for legal services of similar quality in similar cases. The Court rests this conclusion on, *inter alia*, data provided by Class Counsel concerning market rates; the Court's consideration of fee awards in similar complex litigation, including many recent antitrust class actions in which 33% fees were awarded for similar work; the nature and complexity of this particular litigation; the substantial risks of non-recovery borne by Class Counsel in prosecuting this matter on a purely contingent basis while advancing all litigation costs; the amount and quality of Class Counsel's work; and the results obtained on behalf of the Class.

4.     Class Counsel initiated and developed this case with no assistance from any prior government investigation or prosecution, and handled the matter effectively and without

compensation through more than six years of hard-fought litigation. The issues were risky and difficult, and Class Counsel's ultimate success in recovering $163.9 million for the Class—payable promptly in cash—supports the requested fee award.

5. A lodestar "cross check" further supports a 33% fee award. Class Counsel devoted more than $27.7 million in professional time at current billing rates (or approximately $23.6 million at historical rates) to litigating this case. The work involved, *inter alia,* extensive pre-complaint investigation; motion to dismiss and case management briefing; litigating numerous discovery issues with all eight Defendants; reviewing over 3.5 million pages of documents produced in class certification discovery; collecting, reviewing and producing documents from the five class representatives; preparing for and taking the depositions of defendants' expert and lay witnesses; preparing for and defending the depositions of the class representatives; preparing for and conducting a 3-day class certification hearing and numerous other hearings, arguments and conferences over the past six years; preparing thousands of pages of class certification, *Daubert* and expert submissions; and much more. All of this work led directly to the creation of the common Settlement Fund.

6. The Court finds that Class Counsel performed their work reasonably and efficiently, that their billing rates are appropriate and consistent with market rates for attorneys of similar skill doing similar work, and that the lodestar totals are reasonable.

7. Based on current billing rates, the requested lodestar "multiplier" is approximately 1.97, which the Court finds is well within the range of reasonable multipliers awarded in similar contingent cases. The requested multiplier is further supported by the fact that Class Counsel bore all the risk of litigating this complex case (including millions of dollars in litigation expenses) with no guarantee of reimbursement. Having shouldered these risks, and

3

having achieved outstanding results for the Class, Class Counsel have earned their requested multiplier.

8. The reaction of the Class supports the requested fee award. The Settlement Class in this case includes approximately 5,300 direct purchasers, many of which are sophisticated business entities. The absence of objections indicates that the fee is fair and reasonable and consistent with prevailing market rates.

9. The Court directs that Co-Lead Counsel allocate the fee award among co-counsel in a reasonable manner consistent with Co-Lead Counsel's assessment of each firm's contribution to the prosecution of the case.

10. Class Counsel also requests reimbursement for $406,850.08 in expenses they have advanced in the prosecution of this lawsuit. The Court grants that request and finds the expenses to be fair and reasonably incurred to achieve the benefits to the Settlement Class obtained in the Settlement, as well as the continued litigation of this Action against non-settling Defendants.

11. After deducting Court-approved attorneys' fees and expenses (including the previously approved costs of notice and settlement administration), the balance of the common settlement funds shall be distributed to Class members in accordance with Plaintiffs' proposed Plan of Allocation and Distribution, attached hereto as Exhibit 1. The Court finds that the Plan of Allocation and Distribution is fair, reasonable and adequate, and the Court therefore approves the proposed Plan of Allocation and Distribution as submitted. After final approval of the Settlements and entry of this order awarding attorneys' fees and expenses, the claims administrator (Garden City Group) will mail pre-printed claim forms to all Class members identified as direct purchasers in Defendants' transaction data. The pre-printed claim forms shall be in a format substantially similar to the proposed claim form contained in Exhibit 1. Class members will be asked to verify the accuracy of certain purchase information on the pre-printed claim forms and return those forms to the

claims administrator, and they will be given an opportunity to submit additional or corrective information if they wish. Following expiration of the deadline for the return of claim forms, and after consideration of any supplemental information submitted by Class members, the claims administrator will calculate each claiming Class member's *pro rata* share of the Settlement Funds, net of then-due and estimated future settlement administration costs. Class Counsel will supervise the claims process, and Class Counsel will file a motion to update the Court on the claims process and to request approval of the final schedule of distributions prior to any checks being mailed to the Class.

WHEREFORE the Court grants an attorneys' fee award of 33% of the total common settlement funds (*i.e.*, 33% of $163.9 million, or a total fee of $54,087,000), authorizes Co-Lead Counsel to allocate the fee award among co-counsel at Co-Lead Counsel's discretion, awards Class Counsel reimbursement of their requested "out of pocket" litigation costs and expenses from the Settlement funds in the amount of $406,850.08 (in addition to the reimbursement of $5,064,908.97 in litigation expenses approved in connection with the earlier Settlements), and approves the proposed Plan of Allocation and Distribution for the Settlement funds.

SO ORDERED this the 22nd day of October, 2014.

_____
Honorable James B. Zagel
United States District Judge

# EXHIBIT 1

**CLASS COUNSEL'S PROPOSED PLAN OF ALLOCATION AND DISTRIBUTION FOR THE *STEEL ANTITRUST* SETTLEMENT FUNDS RECOVERED FROM DEFENDANTS ARCELORMITTAL, U.S. STEEL, GERDAU, COMMERCIAL METALS, AND AK STEEL**

### 1. Distribution and Submission of Personalized Claim Forms

After final approval of the Settlements and entry of an order awarding attorneys' fees and expenses, The Garden City Group, Inc. ("Garden City Group"), the claims administrator approved by the Court, will prepare and mail proof of claim forms, substantially in the form attached as Appendix A to this Plan, to all members of the Class. The mailing list was derived from the Defendants' transactional databases, as synthesized by Plaintiffs' expert consultants and Garden City Group. Garden City Group and Co-Lead Counsel have updated the mailing list in the course of administering earlier notice programs in this matter, and will further update it as necessary.

The proof of claim form explains that members of the certified Settlement Class ("Class Members") will be entitled to a distribution from the Settlement Funds, and identifies Class Members as those who purchased Steel Products (defined in the form) directly from a Defendant (defined in the form) in the United States and its territories at any time from April 1, 2005 through December 31, 2007, except for Defendants, governmental entities, and purchasers who timely elected to exclude themselves from the Class.

The proof of claim form further explains that Class Members will be entitled to a *pro rata* distribution of the Net Settlement Funds. Net Settlement Funds are the monies deposited into escrow pursuant to the approved Settlement agreements, plus all accrued interest on those accounts, minus all attorneys' fees and expenses awarded by the Court, minus reasonable anticipated fees and costs associated with settlement administration, and minus anticipated tax payments and tax preparation fees associated with the Escrow Accounts.

The claim form states that Class Members' recovery will be a function of their purchase volume (in dollars) of eligible Steel Products from all of the Defendants during the Class Period. Using data obtained from sales records provided by the Defendants, Garden City Group will prepare a personalized claim form for each Class Member that includes the dollar value of the Class Member's purchases of eligible Steel Products during the Class Period.

***Class Members will be advised that they must submit a claim form to be eligible to receive a distribution from the Settlement funds.*** Class Members will have two options for doing so. First, they can simply sign and return their claim form if they accept the pre-printed tabulation of qualifying purchases. Alternatively, they can return the claim form along with backup data supporting a different estimated dollar value of eligible purchases.

Using the pre-printed claim form will save most Class Members substantial time and effort they might otherwise have to devote to tracking down, compiling and submitting documentation in support of their claim, and will reduce the time necessary for reviewing and processing claims and hence advance the date of ultimate distribution of funds. If Class Members believe the pre-printed purchase data is inaccurate, however, they will have the option of submitting their own purchase data so long as it is supported by adequate proof.

To make a claim and receive a distribution from the Net Settlement Funds, a Class Member must return a properly completed claim form to Garden City Group postmarked no later than forty-five (45) days from the date of the initial claim form mailing to the Class Member.

### 2. Processing and Review of Claims

Garden City Group will review and process all submitted claims, under the supervision and guidance of Class Counsel. Garden City Group first will determine whether a claim form is timely, properly completed, and signed.

If Garden City Group determines that it needs further information or documentation to properly process a claim, the claimant will be notified in writing. The notification will explain how the claimant can cure the deficiency and provide a reasonable deadline (generally twenty (20) days from the mailing date of the deficiency notification) for submitting a curing response. If a claimant fails to correct the deficiency within the time specified, the claim may be rejected in whole or in part.

Garden City Group will classify all claims as either "Eligible" or "Ineligible." "Eligible Claims" will be further classified as: (i) claims recommended for approval as filed; (ii) claims recommended for approval but with modification; or (iii) late claims recommended for acceptance because they would have been Eligible Claims if filed on time and their acceptance will not substantially delay claims administration. Garden City Group will classify as "Ineligible Claims" those claims that it recommends for rejection and will identify the basis.

Class Counsel will review the list of Eligible and Ineligible Claims and may accept, reject, or modify the Class Administrator's decisions.

### 3. Calculation of Class Member *Pro Rata* Shares and Distribution Amounts

Once Class Counsel and Garden City Group determine which claims are recommended for approval (as submitted or as modified), Garden City Group will calculate each claimant's *pro rata* share of the settlements. Each claimant's share will be in proportion to the total amount of approved purchases of Steel Products, calculated as a fraction—the numerator being the sum of that claimant's eligible purchases in dollars, and the denominator being the sum of all approved claimants' eligible purchases in dollars. Garden City Group will multiply the resulting fraction

for each claimant by the dollar amount of the monies to be distributed from the Net Settlement Funds to obtain the dollar value of each claimant's distribution payment.[1]

### 4. Submission of a Recommended Schedule of Distribution

After Garden City Group calculates each claimant's *pro rata* share and estimated distribution from the Net Settlement Funds, Class Counsel will file a motion with the Court to approve the final plan of distribution and will provide the Court a report on (i) the status of the claims process, (ii) the proposed distribution amounts for individual Class Members (the "Schedule of Distribution"), and (iii) any outstanding disputes on which the Court's guidance is sought.

### 5. Payment to the Claimants

After entry of the Court's order approving a Schedule of Distribution (whether as presented or as modified by the Court), the Escrow Agent for the Settlement Funds will release the Net Settlement Funds to Garden City Group, which will deposit them into a single Distribution Account. Garden City Group will then issue a check payable to each claimant in an amount corresponding to its *pro rata* share of the funds, as approved by the Court, and will use reasonable efforts to locate any claimants whose checks are returned as undeliverable.

All settlement checks issued by Garden City Group will bear an expiration date. Garden City Group will use reasonable efforts to encourage claimants to cash checks before they expire and may reissue checks to claimants whose checks have expired. Garden City Group will void expired checks that are not cleared within a commercially reasonable period of time (generally

---

[1] For Class Members who opted out of one or more, but not all, of the Settlements, their *pro rata* share will be adjusted downward by the percentage share of the Settlement Funds contributed by Defendants from whose Settlements the Class Member opted out, and the amount by which such Class Members' distribution amount is reduced will be reallocated across the rest of the Class.

- 5 -

90 or 120 days). The monies represented by voided checks that are not reissued shall revert to the Distribution Account, at which time Class Counsel will provide a status report to the Court on the status of the distribution, the amount of any unclaimed funds, and a recommendation on what to do with such funds.

### 6. Payment of Garden City Group's Invoices

Garden City Group will submit monthly invoices to Class Counsel detailing the work performed and the expenses incurred in the prior month in the course of administering the Settlements. Class Counsel will review such invoices, seek clarification or modification as needed, and submit invoices for reasonable and necessary fees and expenses to the Escrow Agents with a written request that the invoices be paid from the appropriate Escrow Account(s). Class Counsel will update the Court on these expenses in the aforementioned status report, and Class Counsel will submit any additional status reports that the Court may request.

# APPENDIX A

To Class Counsel's Proposed Plan Of Allocation And Distribution For The *Steel Antitrust* Settlement Funds Recovered from Defendants ArcelorMittal, U.S. Steel, Gerdau, Commercial Metals, and AK Steel:

## Proposed Proof of Claim Form

Steel Antitrust Litigation c/o
GCG
P.O. Box 9349
Dublin, OH 43017-4249

**IMPORTANT COURT-ORDERED DOCUMENT**

For Official Use Only

01

## <<BARCODE>>

Claimant ID #(<Claimant_ID)) - (<Sequence))
(<Name_1))
(<Address_1))
(<City)), (<State)) (<Zip5)) (<Zip4))

### IN RE: STEEL ANTITRUST LITIGATION
United States District Court for the Northern District of Illinois
Civil No. 08-cv-5214

### PROOF OF CLAIM FORM – ARCELORMITTAL, U.S. STEEL, GERDAU, COMMERCIAL METALS, AK STEEL SETTLEMENTS

**Important Notice:** If you are a Settlement Class Member, you can submit a claim without collecting any documentation from your files.

To receive your share of the Settlement funds, you must send a completed, signed, and certified proof of claim to the Claims Administrator, postmarked on or before --------, -----, to the following address:

Steel Antitrust Litigation
c/o GCG
P.O. Box 9349
Dublin, OH 43017-4249

You are only entitled to a distribution if you are a member of the Settlement Class. You are a member of the Settlement Class if you purchased Steel Products (as defined below) directly from a defendant (defined below) at any time from April 1, 2005 through December 31, 2007 in the United States. Excluded from the Class are any defendants, their employees, and their respective parents, subsidiaries and affiliates; all who timely elected to exclude themselves from the Class; and all governmental entities.

**"Steel Products"** are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

**"Steel Products"** specifically **exclude** the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term **"Purchased"** includes all transactions for which pricing was negotiated during the period April 1, 2005 through December 31, 2007 **and** delivery was received during that period. Qualifying purchases also include Steel Product transactions for which a sales contract was negotiated before April 1, 2005 but (i) delivery was received between April 1, 2005-December 31, 2007 **and** (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the period April 1, 2005-December 31, 2007.

**"Defendants"** are: ArcelorMittal S.A. and ArcelorMittal USA LLC (collectively "ArcelorMittal"), United States Steel Corporation ("U.S. Steel"), Nucor Corporation ("Nucor"), AK Steel Holding Corporation ("AK Steel"), Gerdau Ameristeel Corporation ("Gerdau"), Steel Dynamics, Inc. ("Steel Dynamics"), Commercial Metals Company ("CMC"), and SSAB Swedish Steel Corporation ("SSAB").

If you are *not* a Class Member, *e.g.*, because you did not purchase Steel Products directly from a Defendant during the period April 1, 2005-December 31, 2007, or because you previously excluded yourself from the Settlement Class, you are not entitled to a distribution and should *not* submit this Proof of Claim form.

<u>This Proof of Claim, even if prepared by a third party, must be completed, signed and certified by the Class Member.</u> The Claims Administrator is authorized to request from persons or entities submitting proofs of claim any documentation necessary to verify information appearing in the Proof of Claim and to prevent claim duplication. Failure to provide requested information may constitute grounds for rejection of the Proof of Claim.

## PART 1: CLAIMANT IDENTIFICATION
(Please type or neatly print all information – use blue or black ink)

Class Member Name and Address:

[PRE-PRINTED CLAIMANT NAME]
ADDRESS
CITY, STATE ZIP

If necessary, use the following box to correct your name and address information:

|   |
|---|
|   |
|   |
|   |

Federal Employer Tax ID Number (FEIN)

Person to contact if there are questions regarding this claim:

Daytime phone number:

Email address:

Any other names by which you have been known, including FEIN, during the period April 1, 2005-December 31, 2007:

## PART 2: CLAIMANTS' PURCHASE DATA

As described in the Plan of Allocation, which is available at the Steel Settlement website, www.steelantitrustsettlement.com, each Class Member's claim is based on the amounts each Class Member paid for purchases of qualifying Steel Products during the period April 1, 2005-December 31, 2007. The Net Settlement Funds will be distributed to Class Members on a *pro rata* basis, with Class Members' purchases of Steel Products from all of the Defendants serving as the basis for the calculation.

**To submit a claim based on Defendants' purchase data, which is summarized in the table below, all you have to do is complete Part 4 below, and return the claim form. In other words, if you accept the purchase figures in the box immediately below, there is no need to complete Part 3 of this claim form and no need to search your own records or produce any backup to receive your share of the Settlement Funds.**

| Defendant-Supplier | Direct Purchase Amount |
|---|---|
| ArcelorMittal | |
| U.S. Steel | |
| Nucor | |
| AK Steel | |
| Gerdau | |
| Steel Dynamics | |
| CMC | |
| SSAB | |
| **Total** | |

**The totals above were obtained directly from the Defendants' sales records and summarize your total payments for Steel Products during the period April 1, 2005-December 31, 2007. If you accept this estimate, you can simply skip Part 3 below and proceed to Part 4, and your share of the Steel Settlement Fund will be calculated based on this amount.**

**Please Note**: If you appeared in Defendants' records under other names or at different locations, you and related entities and locations may receive multiple but non-duplicative Proof of Claim forms, each with a unique Claimant ID Number (located in the address block on the first page).

## PART 3: CLAIMANTS' CORRECTED PURCHASE DATA

**(To be completed ONLY if you disagree with, and do not wish to accept, the totals presented in Part 2)**

If you disagree with the pre-printed information contained in Part 2, please enter the corrected purchase totals in the table below and attach documentation in support of the revised total. **You MUST attach documentation in support of any corrected amounts.**

| Defendant-Supplier | Direct Purchase Amount |
|---|---|
| ArcelorMittal | |
| U.S. Steel | |
| Nucor | |
| AK Steel | |
| Gerdau | |
| Steel Dynamics | |
| CMC | |
| SSAB | |
| **Total** | |

To support any corrected purchase amounts, you **must** provide proof to support the corrected amount and identify the Defendant-supplier, product names and types, dates of purchase, and net purchase amounts (in U.S. dollars). Electronic transaction summaries or similar records are preferred. Only purchases made directly from one of the Defendants qualify. Purchases through an intermediary such as a service center, wholesaler or distributor **do not qualify**.

If you received and are correcting multiple Proof of Claim forms, please provide supporting documentation for all of them.

**PART 4: SUBMISSION TO JURISDICTION OF THE COURT AND VERIFICATION**

By signing below, you are submitting to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to the claim you are making as a Class Member.

By signing below, you are verifying that you are the proper recipient of the funds sought and that you have not assigned or transferred (or purported to assign or transfer) any of the claims in this matter. You are further verifying that the information provided in this Proof of Claim is accurate and complete.

Name and Capacity/Title:

Signature:

Date:

The completed Proof of Claim and the information it contains will be treated as confidential and will be used solely for purposes of administering the settlement.