UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANDARD IRON WORKS, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARCELORMITTAL; ARCELORMITTAL USA, INC.; UNITED STATES STEEL CORPORATION; NUCOR CORPORATION; GERDAU AMERISTEEL CORPORATION; STEEL DYNAMICS, INC.; AK STEEL HOLDING CORPORATION; SSAB SWEDISH STEEL CORPORATION; COMMERCIAL METALS, INC.,<br><br>Defendants. | Case No. 08 C 5214<br><br>Judge James B. Zagel |

**AMENDED ORDER AND JUDGMENT APPROVING SETTLEMENTS AND DISMISSING WITH PREJUDICE COMMERCIAL METALS COMPANY[1], AK STEEL HOLDING CORPORATION AND GERDAU AMERISTEEL CORPORATION, ORDERING PAYMENT OF THE EXPENSES OF NOTICE AND SETTLEMENT ADMINISTRATION, AND AWARDING REIMBURSEMENT OF LITIGATION EXPENSES TO CLASS COUNSEL**

The Court, having considered (a) Direct Purchaser Plaintiffs' Motion For Final Approval of Settlements With Commercial Metals Company, AK Steel Holding Corporation, and Gerdau Ameristeel Corporation, for Payment of the Expenses of Notice and Settlement Administration, and for Reimbursement of Litigation Expenses; (b) the Memorandum of Law and declarations in support thereof; and (c) any and all comments and objections from members of the Settlement Class and any responses thereto; and having held a hearing on July 10, 2014 and considered all

---

[1] Commercial Metals Company is improperly named as "Commercial Metals, Inc." in the caption of the Complaint but is otherwise correctly named in the body of the Complaint.

of the submissions and arguments with respect thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreements between Plaintiffs and Commercial Metals Company ("CMC") (Dkt. 464-2) ("CMC Settlement"), AK Steel Holding Corporation ("AK Steel") (Dkt. 464-3) ("AK Steel Settlement"), and Gerdau Ameristeel Corporation ("Gerdau") (Dkt. 464-4) ("Gerdau Settlement"), it is hereby ORDERED, ADJUDGED AND DECREED that the Motion is GRANTED as follows:[2]

1. The Court has personal jurisdiction over all Settlement Class members and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve and enforce the Settlement Agreements, to grant final certification to the Settlement Class for settlement purposes, and to dismiss the Action with prejudice as to CMC, AK Steel, and Gerdau.

2. Based on the record before the Court, including the Order Preliminarily Approving Settlements with Commercial Metals Company, AK Steel Holding Corporation and Gerdau Ameristeel Corporation, Conditionally Certifying Settlement Class, and Approving Notices and Notice Plan ("Preliminary Approval Order") (Dkt. 469), the submissions in support of the Settlements, and any objections and responses thereto, the Court finds that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, and hereby certifies for settlement purposes the following Settlement Class:

> All persons (excluding Defendants, their present and former parents, subsidiaries, affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel Products directly from any of the defendants in *Standard Iron Works v. ArcelorMittal et al.*, Case No. 08-C-5214, or their subsidiaries or controlled affiliates at any time between April 1, 2005 and December 31, 2007 ("the Settlement Class Period") for delivery in the United States.

---

[2] CMC, AK Steel, and Gerdau are collectively referred herein as the "Settling Defendants." The CMC Settlement, AK Steel Settlement, and Gerdau Settlement are collectively referred to herein as the "Settlements." And the settlement agreements memorializing those Settlements are collectively referred to herein as the "Settlement Agreements."

For purposes of the class definition, the terms "Steel Products" and "Purchased" are more specifically defined as follows:

"Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

"Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

The Settlement Class excludes the Settlement Class members listed on the attached Exhibit 1.

3. The Court finds that the requirements of Rule 23 are satisfied for settlement purposes, as follows:

   a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class members are ascertainable from the reasonably accessible records available to Plaintiffs' Counsel and Defendants and that Settlement Class members are so numerous that their joinder before the Court would be impracticable.

   b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class, including whether Defendants violated federal antitrust law by allegedly engaging in coordinated production cuts in order to raise, maintain or stabilize prices above competitive levels with respect to certain steel products.

3

c. Pursuant to Rule 23(a)(3), the Court determines that the Plaintiffs' claims are typical of the claims of the proposed Settlement Class. Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class;

d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Class. All of the Settlement Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out has been given an opportunity to do so. Furthermore, Plaintiffs have demonstrated the ability and incentive to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action.

e. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlements, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses involved, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

f. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlements, a class action is superior to other available

methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that the class is manageable, particularly in light of the Settlements approved in this Order.

4. In accord with the above findings, named Plaintiffs Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc., (collectively, "Plaintiffs"), are hereby appointed as representatives of the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as interim Co-Lead Counsel for the Class) are hereby appointed as Co-Lead Counsel for the Settlement Class ("Settlement Class Counsel"):

KELLOGG, HUBER, HANSEN, TODD, EVANS, & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036

FINE, KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Fl.
Philadelphia, PA 19107

6. In accordance with the Preliminary Approval Order, notice of the proposed Settlements has been provided to the Settlement Class in the manner directed by the Court. *See* Affidavit of Ellen Riley Regarding Mailing of the Notice and Requests for Exclusions, attached as Exhibit 2 hereto. Such notice to Settlement Class members is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto.

7. This Order shall have no force or effect on the persons or entities who have validly and timely requested exclusion from the Settlement Class. The only persons or entities that have requested exclusion from the Settlement Class are those listed on Exhibit 1.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the Fairness Hearing, it is hereby determined that all Settlement Class members, except those who have validly and timely requested exclusion from the Settlement Class, are bound by this Final Order and Judgment and the Releases attached hereto as Exhibit 3 (release in favor of CMC), Exhibit 4 (release in favor of Gerdau) and Exhibit 5 (release in favor of AK Steel), which are incorporated into this Order as if fully set forth herein.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlements on the basis that the Settlements are fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class members and are in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court is satisfied that the Settlements were fairly and honestly negotiated, as they were the result of vigorous arm's length negotiations undertaken in good faith by counsel with significant experience litigating antitrust class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. The fulsome discovery record and class certification submissions demonstrate that the parties dispute a large number of legal and factual issues, a factor supporting the fairness of the settlement given the risks of continued litigation, which include various issues and arguments raised by Defendants in opposition to class certification; the risks of interlocutory review under Rule 23(f); and the risks of protracted and hard-fought litigation on the merits, including summary judgment motions, *Daubert* motions, evidentiary challenges, trial risks on liability and damages, and the

possibility of several stages of appeal up to and including the Supreme Court. Accordingly, the Court finds that the Settlements are fair and reasonable in light of the risks of continued litigation—particularly considering that these are "icebreaker" settlements with relatively small defendants in a multi-defendant antitrust case in which other non-settling Defendants will remain liable for all class damages under principles of joint and several liability. In this situation, the Court finds that the Settlements provide a guaranteed cash recovery and other benefits for the Settlement Class without substantially diminishing the net expected value of the case going forward. The Court also gives weight to the parties' judgment that the Settlements are fair and reasonable, as well as to the Settlement Class members' reaction to the Settlements.

10. The Court orders the Escrow Agent to pay $89,806.37 out of the Settlement Fund to The Garden City Group Inc., and $25,325.00 out of the Settlement Fund to InfoTech, Inc., for those companies' reasonable fees and expenses in identifying and notifying the Settlement Class and administering the Settlements. Once the Settlements become Final, Settlement Class Counsel are hereby authorized to approve additional reasonable expenses to be paid out of the Settlement Fund for the further costs of settlement notice and administration, without further Order of the Court.

11. Settlement Class Counsel has moved for reimbursement of litigation expenses out of the Settlement Fund. After appropriate notice to the Settlement Class of their intention to seek reimbursement of litigation expenses, and upon consideration of the motion and all related submissions and argument, and the response of the Settlement Class thereto; now therefore pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, this Court awards Settlement Class Counsel $5,064,908.97 out of the Settlement Fund to reimburse them for expenses incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair

and reasonably incurred to achieve the benefits to the Settlement Class obtained in the Settlement, as well as the continued litigation of this Action against non-settling Defendants.

12. By separate Order, the Court will consider any proposed plan of allocation and distribution of the Settlement Funds, and any petition for attorneys' fees, submitted by Settlement Class Counsel.

13. The court finds that the Settlement Funds established pursuant to the Settlement Agreements are "qualified settlement funds" as defined in section 1.468B-1(c) of the Treasury Regulations in that they satisfy each of the following requirements:

   a. The Settlement Funds are established pursuant to an order of this Court and are subject to the continuing jurisdiction of this Court;

   b. The Settlement Funds are established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

   c. The assets of the Settlement Funds are segregated from other assets of the transferors of payments to the Settlement Funds.

14. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

   a. The Settlement Funds met the requirements of paragraphs 12 (b) and (c) of this Order prior to the date of this Order approving the establishment of the Settlement Funds subject to the continued jurisdiction of this Court; and

   b. Each Settling Defendant and the Settlement Administrator may jointly elect to treat the respective Settling Defendant's Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 12(b) and (c) of this Order or January 1 of the calendar

8

year in which all of the requirements of paragraph 12 of this Order are met. If such a relation-back election is made with respect to a Settlement Fund, the assets held by that Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

15. This Order and the Settlement Agreements do not settle or compromise any claims by Plaintiffs or Settlement Class members against any party other than the Released Parties as defined in the Releases attached as Exhibits 3-5 hereto. All rights of any Settlement Class member against any person or entity other than Settling Defendants and other Released Parties for sales made by Settling Defendants are specifically reserved by Plaintiffs and the Settlement Class members. Settling Defendants' sales of Steel Products in the United States shall remain the subject of damages and/or joint and several liability claims in the Action against defendants other than Settling Defendants, and/or against any future defendants other than Settling Defendants and the other Released Parties.

16. The Settlement Agreements and/or any act performed or document executed pursuant to the Settlement Agreements are not, may not be deemed, and may not be used in this Action or any other civil, criminal or administrative proceeding as evidence of an admission of liability or wrongdoing on the part of any person or entity, including but not limited to Settling Defendants and other Released Parties.

17. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the litigation between Plaintiffs and Defendants other than Settling Defendants; (c) the administration and enforcement of the Settlement Agreements; and (d) the administration and distribution of the Settlement Funds.

18. In the event that a Settlement does not become Final in accordance with its Settlement Agreement, then with respect to that Settlement Agreement, this Order and Final Judgment shall be rendered null and void as between and among the parties who entered into it,

as provided by that Settlement Agreement, and all orders entered and releases delivered in connection herewith shall be null and void and payments made hereunder shall be returned to the extent provided by and in accordance with that Settlement Agreement. Such an event with respect to one Settlement shall not affect the finality of the other Settlements or the continuing vitality of this Order and Final Judgment with respect to the other Settlements and the parties who entered into them.

19. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against the Settling Defendants in this Action, allows consummation of the Settlements, and will expedite the reimbursement of expenses from the Settlement Funds. In accordance with the terms of the Settlement Agreements, this Order is final and appealable.

20. Terms Capitalized in this Order and not defined herein have the same meaning as those used in the Settlement Agreements.

SO ORDERED this the 23 day of October, 2014.

_____
Honorable James B. Zagel
United States District Judge