UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: STEEL ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS:<br><br>*Standard Iron Works v. ArcelorMittal, et al.,* Case No. 08-cv-5214<br><br>*Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.,* Case No. 08-cv-5371<br><br>*Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.,* Case No. 08-cv-5633<br><br>*Alco Industries, Inc. v. ArcelorMittal, et al.,* Case No. 08-cv-6197<br><br>*Gulf Stream Builders Supply, Inc. v. ArcelorMittal, et al.,* Case No. 10-cv-4236 | Case No. 08-cv-5214<br>Honorable James B. Zagel |

### IPSCO TUBULAR, INC. AND NEWPORT STEEL'S OPPOSITION TO PLAINTIFFS' MOTION TO DISTRIBUTE SETTLEMENT FUNDS

IPSCO Tubular, Inc. (Claim No. 358) and Newport Steel (Claim No. 1001864) jointly oppose Plaintiffs' Motion to Distribute Settlement Funds as each of their claims was improperly rejected. Both IPSCO Tubular and Newport Steel make only tubular products – which have been expressly excluded from the class – thus denial of their claims is improper and frustrates the very purpose of the class definition.

### I.  IIPSCO TUBULAR AND NEWPORT STEEL RECEIVED NO BENEFIT FROM THE CARTEL'S ALLEGED PRICE-FIXING IN THIS MATTER

IPSCO Tubular and Newport Steel were acquired by SSAB in July 2007, near the end of the class period, and were then both divested in 2008. It is important to recognize that the

1

portion of IPSCO Tubular and Newport Steel's business that was briefly held by SSAB pertained only to <u>tubular</u> products. As all parties to this settlement agree that tubular products are <u>not</u> part of Defendants' alleged antitrust violations, IPSCO Tubular and Newport Steel's sales of their tubular products business to SSAB should neither raise concern for the Court that they were co-conspirator in the alleged price-fixing of qualifying steel products, nor preclude IPSCO Tubular and Newport Steel from pursuing compensation for qualifying non-tubular purchases from Defendants.

Neither IPSCO Tubular nor Newport Steel ever made the steel products at issue in this case; they were consumers of such products and were harmed by Defendants' alleged conduct. At no time did IPSCO Tubular or Newport Steel receive any benefit from the cartel's alleged action in this matter. Plaintiffs have provided no evidence to the contrary. IPSCO Tubular and Newport Steel's claims should, therefore, be allowed to proceed.

At a minimum, qualifying purchases made by these entities prior to their acquisition by SSAB should be deemed eligible for compensation.

## II. Distribution of settlement funds should be stayed pending resolution of SSAB's STATUS AS A DEFENDANT

As SSAB's status as a Defendant in this action remains unresolved, excluding claims from IPSCO Tubular and Newport Steel on the sole ground that they are barred from recovery as former subsidiaries of SSAB is patently premature. For the foregoing reasons, the claims by IPSCO Tubular and Newport Steel should be allowed to proceed regardless of SSAB's status as a Defendant. If, however, SSAB is later dismissed from this action, there should be no bar whatsoever to IPSCO Tubular and Newport Steel's claims.

Thus, IPSCO Tubular and Newport Steel respectfully request that a portion of the settlement funds sufficient to pay their claims be set aside as a reserve from any distribution to

be made at this time, and distribution of the reserved funds be stayed until resolution of SSAB's status as a Defendant is resolved.

Dated: September 28, 2015 			Respectfully submitted,

                */s/ Deborah E. Arbabi*
                Daniel A. Sasse (pro hac vice)
                Deborah E. Arbabi (pro hac vice)
                **CROWELL & MORING LLP**
                3 Park Plaza, 20th Floor
                Irvine, CA 92614-8505
                Tel: 949.263.8400
                Fax: 949.263.8414
                Email: dsasse@crowell.com
                    darbabi@crowell.com

                James E. Kellett
                **CROWELL & MORING LLP**
                590 Madison Avenue, 20th Floor
                New York, NY 10022-2544
                Tel: 212.223-4000
                Fax: 212.223-4134
                Email: jkellett@crowell.com

                *Counsel for General Motor Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify on this 25th day of September, 2015, I caused a true and correct copy of the foregoing **IPSCO TUBULAR, INC. AND NEWPORT STEEL'S OPPOSITION TO PLAINTIFFS' MOTION TO DISTRIBUTE SETTLEMENT FUNDS** to be filed and served electronically via the Court's CM/ECF system upon all registered users.

*/s/ Deborah E. Arbabi*
Deborah E. Arbabi (pro hac vice)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Tel:   949.263.8400
Fax:   949.263.8414
Email: darbabi@crowell.com

4