UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE:  STEEL ANTITRUST LITIGATION** <br><br> _____ <br><br> **THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS:** <br><br> *Standard Iron Works v. ArcelorMittal, et al.,* **Case No. 08-cv-5214** <br><br> *Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-5371** <br><br> *Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.,* **Case No. 08-cv-5633** <br><br> *Alco Industries, Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-6197** <br><br> *Gulf Stream Builders Supply, Inc. v. ArcelorMittal, et al.,* **Case No. 10-cv-4236** | **Case No. 08-cv-5214** <br><br> **Honorable Manish S. Shah** |

**ORDER AND JUDGMENT APPROVING SETTLEMENTS AND
DISMISSING WITH PREJUDICE NUCOR CORPORATION, STEEL DYNAMICS, INC.
AND SSAB SWEDISH STEEL CORPORATION**

The Court, having considered Direct Purchaser Plaintiffs' Motion for Final Approval of

Settlements with Nucor Corporation, Steel Dynamics, Inc. and SSAB Swedish Steel Corporation

and the Memorandum of Law and exhibits in support thereof (Dkt. No. 675) and any and all

comments and objections from members of the Settlement Class and any responses thereto; and

having held a hearing on February 16, 2017 and considered all of the submissions and arguments

with respect thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in

accordance with the terms of the Settlement Agreements between Plaintiffs and Nucor

Corporation ("Nucor) (Dkt. No. 654-2), Steel Dynamics, Inc. ("SDI") (Dkt. No. 654-3), and

SSAB Swedish Steel Corporation ("SSAB")[1] (Dkt. No. 654-4), it is hereby ORDERED,

ADJUDGED AND DECREED that the Motion for Final Settlement Approval is GRANTED as

follows:[2]

1.　　The Court has personal jurisdiction over all Settlement Class members and has

subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve

and enforce the Settlement Agreements, to grant final certification to the Settlement Class for

settlement purposes, and to dismiss the Action with prejudice as to Nucor, SDI and SSAB.

2.　　Based on the record before the Court, including the Court Order Preliminarily

Approving Settlements with Nucor, SDI and SSAB, Conditionally Certifying Settlement Class,

and Approving Notices and Notice Plans (Dkt. No. 663), the submissions in support of the

Settlements, and any objections and responses thereto, the Court finds that all requirements of

Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied, and hereby certifies for settlement purposes

the following Settlement Class:

> All persons (excluding Defendants, their present and former parents, subsidiaries,
> affiliates, joint ventures, co-conspirators and government entities) who Purchased Steel
> Products directly from any of the defendants in *Standard Iron Works v. ArcelorMittal, et
> al.*, Case No. 08-C-5214, or their subsidiaries or controlled affiliates at any time between
> April 1, 2005 and December 31, 2007 ("the Settlement Class Period") for delivery in the
> United States.

> For purposes of the class definition, the terms "Steel Products" and "Purchased" are more
> specifically defined as follows:

---

[1]　The name "SSAB Swedish Steel Corporation" is the English translation of the name of
the Swedish company, "SSAB Svenskt Stål AB"; *i.e.*, "SSAB Swedish Steel Corporation" and
"SSAB Svenskt Stål AB" are the same entity and referred to herein as "SSAB."

[2]　Nucor, SDI and SSAB collectively are referred to herein as the "Settling Defendants."
The Nucor, SDI and SSAB Settlements are collectively referred to herein as the "Settlements."
The settlement agreements memorializing those Settlements are collectively referred to herein as
the "Settlement Agreements."

"Steel Products" are defined as products derived from raw carbon steel and sold directly by any of the Defendants or their subsidiaries or controlled affiliates in the United States, including all carbon steel slabs, plates, sheet and coil products, galvanized and other coated sheet products; billets, blooms, rebar, merchant bar, beams and other structural shapes; and all other steel products derived from raw carbon steel and sold by Defendants except as specifically excluded below.

"Steel Products" specifically exclude the following product categories: stainless steel; grain-oriented electrical steel; tin mill products; clad plate (i.e., nickel, stainless or copper clad plate); steel pipe and other tubular products; "special bar quality" products; wire rod and other wire products; grinding balls; fabricated rebar products; fabricated steel joist, decking, fence posts and other fabricated building products; welded steel blanks; and steel products purchased under toll processing agreements.

The term "Purchased" includes all transactions for which pricing was negotiated during the class period and delivery was received during the class period. The class definition also includes transactions for which a sales contract was negotiated before the class period but (i) delivery was received during the class period and (ii) the actual transaction price under the contract was adjusted (or indexed) based on market pricing that prevailed during the class period.

The Settlement Class excludes all entities that timely filed notices of exclusion. A list of such entities is attached as Exhibit 1.

3. The Court finds that the requirements of Rule 23 are satisfied for settlement purposes, as follows:

a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class members are ascertainable from the reasonably accessible records available to Plaintiffs' Counsel and Defendants and that Settlement Class members are so numerous that their joinder before the Court would be impracticable.

b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(l)(B), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class, including whether Defendants violated federal antitrust law by allegedly engaging in coordinated production cuts in order to raise, maintain or stabilize prices above competitive levels with respect to certain steel products.

3

c.  Pursuant to Rule 23(a)(3), the Court determines that the Plaintiffs' claims are typical of the claims of the proposed Settlement Class.  Plaintiffs allege on behalf of the Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and Plaintiffs assert on their own behalf the same legal theory that they assert for the Settlement Class;

d.  Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs' interests do not conflict with the interests of absent members of the Settlement Class.  All of the Settlement Class members share a common interest in proving Defendants' alleged anticompetitive conduct, and all Settlement Class members share a common interest in recovering the overcharge damages sought in the Complaints. Moreover, any Settlement Class member that wishes to opt out has been given an opportunity to do so.  Furthermore, Plaintiffs have demonstrated the ability and incentive to represent the Settlement Class in this case, given the vigor with which they have prosecuted this action.

e.  Pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlements, common questions of law and fact predominate over questions affecting only individual members.  In light of the class-wide claims, issues, and defenses involved, the issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof.

f.  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and in light of the proposed Settlements, a class action is superior to other available

methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. The Court also believes that the class is manageable, particularly in light of the Settlements approved in this Order.

4.      In accord with the above findings, named Plaintiffs Standard Iron Works, Wilmington Steel Processing Co., Inc., Capow, Inc. d/b/a Eastern States Steel, Alco Industries, Inc., and Gulf Stream Builders Supply, Inc. (collectively, "Plaintiffs"), are hereby appointed as representatives of the Settlement Class.

5.      Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following counsel (whom this Court previously appointed as Co-Lead Counsel for the Class) are hereby appointed as Co-Lead Counsel for the Settlement Class ("Settlement Class Counsel"):

KELLOGG, HUBER, HANSEN, TODD,          FINE, KAPLAN AND BLACK, R.P.C.
EVANS, & FIGEL, P.L.L.C.                One South Broad St., 23rd Floor
Sumner Square                           Philadelphia, PA 19107
1615 M Street, N.W., Suite 400
Washington, DC 20036

6.      In accordance with the Preliminary Approval Order, notice of the proposed Settlements has been provided to the Settlement Class in the manner directed by the Court. *See* Affidavit of Jose C. Fraga Regarding Mailing Notice and Requests for Exclusions, attached as Exhibit 2 hereto. Such notice to Settlement Class members is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all persons and entities entitled thereto.

7.      This Order shall have no force or effect on the persons or entities who have validly and timely requested exclusion from the Settlement Class.  The only persons or entities that have requested exclusion from the Settlement Class are those listed on Exhibit 1.

8.      Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class to participate in the Fairness Hearing, it is hereby determined that all Settlement Class members, except those who have validly and timely requested exclusion from the Settlement Class, are bound by this Final Order and Judgment and the Releases as follows:

**Releases**

a.  Upon the Effective Date, all members of the Settlement Class, on behalf of themselves and their respective past, present, direct and indirect parents, subsidiaries, affiliates, predecessors and successors, and the past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint ventures, partners, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Releasors") shall be deemed to have, and by operation of the Final Order and Judgment, shall have, fully, finally, and forever released and discharged Settling Defendants, their past and present, direct and indirect parents, subsidiaries, affiliates, predecessors and successors, and the past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint ventures, partners, and representatives, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing ("Released Parties") from all claims, actions, causes of action, lawsuits, damages, liabilities, costs, expenses, whether class or individual in nature, whether known or unknown, foreseen or unforeseen, existing in the

6

past, existing in the present or arising in the future, that were or could have been alleged in this Action ("Released Claims"). Each Releasor hereby covenants and agrees that it shall not hereafter seek to establish liability against any Released Party based in whole or in part on any Released Claims.

b. In addition, each Releasor hereby expressly waives and releases, upon these Settlement Agreements becoming final, any and all provisions, rights, or benefits conferred by section 1542 of the California Civil Code, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor;*

and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to section 1542 of the California Civil Code. Each member of the Settlement Class may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims. Nevertheless, each member of the Settlement Class hereby expressly waives and fully, finally and forever settles and releases, upon the Settlement Agreements becoming final, the Released Claims, whether any Released Claim is known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor further forever waives and relinquishes any and all rights and benefits existing under any law or principle of law in any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above without regard to the subsequent discovery or existence of other or different facts.

c.  The Releases set forth herein shall not release any claims, whether pending or not, whether known or unknown, for product liability, personal injury, breach of warranty, or breach of contract, nor shall they release claims under the Uniform Commercial Code or any other claims whatsoever that are not related to the subject matter of the Complaint.

9.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlements on the basis that the Settlements are fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class members and are in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court is satisfied that the Settlements were fairly and honestly negotiated, as they were the result of vigorous arm's length negotiations undertaken in good faith by counsel with significant experience litigating antitrust class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.  The fulsome discovery record and legal briefing throughout the case demonstrate that the parties dispute a large number of legal and factual issues, a factor supporting the fairness of the settlement given the risks of continued litigation, which include various issues and arguments raised by Defendants throughout the proceedings, as well as summary judgment motions, pre-trial *Daubert* motions, evidentiary challenges, trial risks on liability and damages, and the possibility of several stages of appeal up to and including the Supreme Court.  Accordingly, the Court finds that the Settlements are fair and reasonable in light of the risks of continued litigation.   The Court also gives weight to the parties' judgment that the Settlements are fair and reasonable, as well as to the Settlement Class members' reaction to the Settlements.

10.     The Court finds that the Plan of Allocation and Distribution (submitted as Exhibit 6 to Plaintiffs' Motion for Final Approval) is fair, reasonable and adequate, and the Court therefore

approves the proposed Plan of Allocation and Distribution as submitted. After final approval of the Settlements and entry of an order awarding attorneys' fees, expenses, and incentive awards for the named class representatives, the claims administrator (Garden City Group) will mail pre-printed claim forms to all Class members identified as direct purchasers in Defendants' transaction data. The pre-printed claim forms shall be in substantially the same format as the claim forms that were mailed in connection with prior settlements in this litigation. Class members will be asked to verify the accuracy of certain purchase information on the pre-printed claim forms and return those forms to the claims administrator, and they will be given an opportunity to submit additional or corrective information if they wish. Following expiration of the deadline for the return of claim forms, and after consideration of any supplemental information submitted by Class members, the claims administrator will calculate each claiming Class member's *pro rata* share of the Settlement Funds. Class Counsel will supervise the claims process, and Class Counsel shall file a motion to update the Court on the claims process and to request approval of the final schedule of distributions prior to any checks being mailed to the Class.

11. Consistent with the findings in the Court Order Preliminarily Approving Settlements with Nucor, SDI, and SSAB (Dkt. No. 663), the Court affirms that the Settlement Funds established pursuant to the Settlement Agreements are "qualified settlement funds" as defined in section 1.468B-1(c) of the Treasury Regulations in that they satisfy each of the following requirements:

> a.  The Settlement Funds are established pursuant to an order of this Court and are subject to the continuing jurisdiction of this Court;
>
> b.  The Settlement Funds are established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

9

      c.     The assets of the Settlement Funds are segregated from other assets of the transferors of payments to the Settlement Funds.

12.    Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

      a.     The Settlement Funds met the requirements of paragraph 11 of this Order on the date of the Court Order Preliminarily Approving Settlements with Nucor, SDI and SSAB (Dkt. No. 663), approving the establishment of the Settlement Funds subject to the continued jurisdiction of this Court; and

      b.     Each Settling Defendant and the Settlement Administrator may jointly elect to treat the respective Settling Defendant's Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 11(b) and (c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 11 of this Order are met. If such a relation-back election is made with respect to a Settlement Fund, the assets held by that Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

13.    This Order and the Settlement Agreements do not settle or compromise any claims by Plaintiffs or Settlement Class members against any party other than the Released Parties as defined in ¶ 8 *supra*. All rights of any Settlement Class member against any person or entity other than Settling Defendants and other Released Parties for sales made by Settling Defendants are specifically reserved by Plaintiffs and the Settlement Class members.

14.    The Settlement Agreements and/or any act performed or document executed pursuant to the Settlement Agreements are not, may not be deemed, and may not be used in this Action or any

other civil, criminal or administrative proceeding as evidence of an admission of liability or wrongdoing on the part of any person or entity, including but not limited to Settling Defendants and other Released Parties.

15.     Without affecting the finality of this Order, the Court retains exclusive jurisdiction over:  (a) the enforcement of this Order; (b) the administration and enforcement of the Settlement Agreements; and (c) the administration and distribution of the Settlement Funds.

16.     In the event that a Settlement does not become Final in accordance with its Settlement Agreement, then with respect to that Settlement Agreement, this Order and Final Judgment shall be rendered null and void as between and among the parties who entered into it, as provided by that Settlement Agreement, and all orders entered and releases delivered in connection herewith shall be null and void and payments made hereunder shall be returned to the extent provided by and in accordance with that Settlement Agreement.  Such an event with respect to one Settlement shall not affect the finality of any of the other settlements in this matter or the continuing vitality of this Order and Final Judgment with respect to the other settlements and the parties who entered into them.

17.     The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Settlement Class against the Settling Defendants in this Action, allows consummation of the Settlements, and will expedite the reimbursement of expenses from the Settlement Funds.  In accordance with the terms of the Settlement Agreements, this Order is final and appealable.

18.     Terms Capitalized in this Order and not defined herein have the same meaning as those used in the Settlement Agreements.

19.    The Court orders the Escrow Agent to pay $65,535.87 out of the Settlement Fund to The Garden City Group LLC.  Once the Settlements become Final, Settlement Class Counsel are hereby authorized to approve additional reasonable expenses to be paid out of the Settlement Fund for the further costs of settlement notice and administration, without further Order of the Court.

WHEREFORE the Court (1) finally approves the Settlements, (2) certifies the Settlement Class, (3) appoints the named plaintiffs as Class Representatives,(4) appoints Co-Lead Counsel as Settlement Class Counsel, (5) approves the proposed Plan of Allocation and Distribution for the Settlement funds, (6) directs payment of reasonable Settlement notice and administration costs to Garden City Group in the amount of $ 65,535.87,  and (7) authorizes Co-Lead Class Counsel to approve additional reasonable expenses to be paid out of the Settlement Fund for the further costs of settlement notice and administration without further Order of the Court.

By separate document, the Court will direct entry of an appropriate judgment pursuant to Federal Rule 54(b).

SO ORDERED this the 16th day of February, 2017.


Honorable Manish S. Shah
United States District Judge

12